### ZACHARY et al. v. HOME OWNERS LOAN CORPORATION.

#### No. 10608.

Court of Civil Appeals of Texas. Galveston.

May 12, 1938.

Rehearing Denied June 2, 1938.

154

Lawrence Lipper, of Houston, for appellant.

Jas. I. Perkins, Frank A. Stamper, and Albert J. DeLange, all of Houston, for appellee.

CODY, Justice.

This appeal has been submitted here on the transcript, without a statement of facts. There are no findings of fact nor conclusions of law, and none was requested. No claim is made that the pleadings of the plaintiff, in whose favor judgment was rendered below, are not sufficient to support such judgment. What the pleadings were is sufficiently indicated from the judgment rendered on them. The jury were directed to return a verdict for plaintiff (appellee here), and judgment thereon was rendered, October 22, 1936. Defendants, though they had been duly served with citation, and had filed an answer, were not in court when the case was tried on that day. Such judgment was rendered on the instructed verdict, that plaintiff recover of and from defendants "title and possession to the land and premises, together with all improvements thereon, described as follows, to-wit: Lot Twenty (20), Block One Hundred Twenty-eight (128) North Norhill Addition to the City of Houston, on the N.S.B.B. out of the John Austin Survey in Harris County, Texas, together with all improvements thereon."

On October 24, 1936, defendants filed a motion for a new trial, which is quite long. On November 14, 1936, the plaintiff filed its answer thereto. In view of the action taken by the court on the hearing of such motion and answer thereto, it is not necessary to give their substance. The hearing was on November 19, 1936. The court found that the judgment rendered on October 22, 1936, should be *modified,* and that appellee should recover a personal judgment against defendant, A. L. Zachary, for the debt sued on, together with judgment against him and Mrs. Zachary, his wife, foreclosing the liens securing such indebtedness, and recited that "the court having found from the uncontroverted evidence and upon the express admission of defendants that the law and the facts are with the plaintiff, and that the plaintiff's cause of action is a liquidated one upon notes and written instruments, *Orders,* Adjudges and Decrees accordingly, and it is therefore on this the 19th day of November, 1936, Ordered, Adjudged and Decreed by the Court, that the judgment entered

on the 22nd day of October, 1936, be set aside, and judgment now rendered as follows:" (It is not necessary to set forth the details of the judgment. Suffice it to say that the judgment was for plaintiff against Mr. Zachary for the sum of $3,207.-00, together with interest from date at the rate of 8% per annum; and established in plaintiff a first, prior, valid and subsisting lien on the same property described in the judgment which had been entered on October 22, 1936, and foreclosed it.)

Mrs. Zachary alone has appealed. She urges but two assignments of error, and urges these as fundamental. They are:

1. That the trial court erred in having disregarded the verdict of the jury, and without proper motion and notice to the opposite party entered judgment non obstante veredicto upon an entirely different, and unrelated, and unsubmitted issue of the case.

2. That the trial court erred in having failed and refused to have had the matters in issue, upon new trial, heard and determined by a jury, when appellant had complied with the statutory requirements entitling her to a jury.

We overrule appellant's assignments.

From the modified judgment of November 19, 1936, it appears that defendants were then in court, in person and by attorney, and that the court found that the law and the facts were with the plaintiff, and accordingly rendered such modified judgment. The directed verdict on which the court had rendered judgment on October 22, 1936, was a verdict in form only, not one in fact. As stated by the Supreme Court, speaking through the Commission, "It has often been held that where there is no issuable fact to be submitted for the determination of the jury the court may, if it desires, withdraw the case from the jury and render such judgment as is proper. This being true, we can perceive no valid reason why the court * * * could not properly render the judgment demanded by the undisputed evidence even if it be conceded that the verdict which the court had directed the jury to return was in fact insufficient upon which to base a judgment." Zachary v. City of Uvalde, Tex.Com.App., 42 S.W.2d 417, 419. See Adams v. Houston National Bank, Tex.Com.App., 1 S.W.2d 878, opinion approved; American Surety Co. v. Sheerin, Dallas Court of Civil Appeals, 203 S.W. 1120. The situation presented by the action of the court in modify-

ing the judgment of October 22, 1936, thereafter on November 19, 1936, is not affected by the 1931 amendment to Article 2211, R.S.1925, Vernon's Ann.Civ.St., art. 2211. Prior to such amendment the court could have modified, at the same term at which it was rendered, a judgment which he had rendered on an instructed verdict, because he could, had he chosen, have dismissed the jury, and rendered the proper judgment. This, because an instructed verdict is no verdict at all. In other words, the judgment rendered on October 22, 1936, was the legal equivalent of the court having dismissed the jury at the conclusion of the evidence and rendered the judgment he believed proper.

However, it does not appear, in the absence of a statement of facts, that the hearing on the motion for a new trial was not itself a trial. The judgment recites "and the Court having further heard evidence and argument of counsel, and having read the pleadings and being of the opinion that the judgment entered herein on the 22nd day of October, 1936, should be modified as hereinafter set forth .* * *, and the Court having found from the uncontroverted evidence and upon the express admissions of the defendants that the law and the facts are with the plaintiff." Upon that hearing defendants may have expressly admitted the execution of the notes and liens sued on by plaintiff alternatively, and requested the court to render judgment on the alternative pleading, rather than on the count in trespass to try title, as it had formerly done on October 22, 1936. Certainly admissions were made upon which the court in part based its action in modifying the judgment. By her failure to bring up the evidence that was brought out on the hearing at which the judgment was modified, appellant is not entitled to have us indulge in the presumption that the evidence was insufficient to warrant the court in so modifying the judgment. We have not taken into consideration the evidence which appellee states was brought out at such hearing, as having actually been brought out there. We do not understand that appellee urges such evidence on us as being proper to consider on the theory that it was in fact brought out on such hearing, but we understand it as urged as evidence which might have been brought out on the hearing, and which would justify the rendition of the modified judgment, if it had been brought out there, and which, in support of the judgment, in the absence of a statement of facts, we must presume was brought out there. Certainly an appellant cannot, by failure to bring up a statement of facts, avoid the legal effect of unfavorable evidence, and have us substitute in lieu of such unfavorable evidence (which may reasonably be presumed to have been received by the trial judge) a presumption favorable to appellant. In view of the court's express findings in the modified judgment of November 19, 1936, and the absence of a statement of facts, we must hold that the evidence produced on the hearing is presumed to be sufficient to support such modified judgment.

The court had control over its judgment during the term at which it was rendered, so as to be authorized to make any proper modification in it. Appellee cites many cases in support of, and as illustrating, this legal truism. We content ourselves with citing section 150, under the title of Judgments, 25 Tex.Jur. p. 545. The judgment of October 22, 1936, being in effect that of the court, not based on any jury verdict, the court could make any modification at the same term, which was necessary to be made, where no injury is shown to have been thereby inflicted on appellant.

At the time this case was reached for submission, appellant had not filed any brief. She filed a motion to postpone submission, and for additional time in which to prepare and file her brief. The rule governing such matters, then in force, produced much confusion. Operating then under the old rule, we took the motion with the case. Appellant's motion is now granted, and her brief is permitted to be filed and has been duly considered.

Judgment affirmed.

Appellant's motion granted.

PLEASANTS, C. J., absent.