**H. L. WHISENANT, Appellant,**

v.

**The FIDELITY AND CASUALTY COM-PANY OF NEW YORK, Appellee.**

No. 15949.

Court of Civil Appeals of Texas.

Dallas.

Jan. 26, 1962.

Rehearing Denied March 2, 1962.

Harris, Anderson, Henley & Rhodes, Dallas, for appellant.

Thompson, Knight, Wright & Simmons, Timothy E. Kelley and Rust E. Reid, Dallas, for appellee.

WILLIAMS, Justice.

H. L. Whisenant sued The Fidelity and Casualty Company of New York seeking to recover workmen's compensation benefits resulting from an injury sustained October 21, 1958 in an automobile accident in the City of Dallas, while on his way from home to his employer's plant. By way of defense, the insurance company denied that Whisenant sustained his injuries while within the course and scope of his employment for his employer, Columbia Packing Company, and also denied that Whisenant had "good cause" within the meaning of the law for failing to file a claim for compensation within the statutory time. Trial was to a court and a jury. At the conclusion of plaintiff's testimony the insurance company filed its motion for a directed verdict, which motion was overruled. The case was submitted to the jury on the usual and customary issues in such case and the jury returned its verdict, answering all issues in favor of Whisenant with the exception of the issue on course of employment. As to this issue the jury was unable to agree. Thereafter the defendant insurance company filed its motion for judgment non obstante veredicto, or, in the alternative to reconsider its motion for instructed verdict previously filed and denied, and, in the further alternative for judgment based upon the proposition that the jury answer to the question of "good cause" was not supported by sufficient legal evidence and should therefore be disregarded. The trial court rendered judgment for the defendant insurance company, non obstante veredicto, and overruled defendant's alternative motions.

Whisenant's motion for new trial contained an assignment that the trial court was without authority to render a judgment non obstante veredicto on an incomplete verdict. The trial court, sustaining this assignment, reformed its prior judgment by sustaining defendant's motion for instructed verdict and rendering judgment for the defendant.

Appellant, Whisenant, seeks a reversal of the judgment, based upon two points of error: (1) that the trial court erred in granting an instructed verdict that appellant take nothing, on the specific ground that he was not in the course and scope of his employment, when the evidence was sufficient to raise a fact issue; and (2) that the trial court was without authority to render judgment based upon the motion for instructed verdict after having rendered judgment non obstante veredicto.

We shall first consider appellant's second point relating to the alleged procedural error. As stated above, defendant had, prior to the submission of the case to the jury, filed its motion for instructed verdict contending, among other things, that there was no evidence to support plaintiff's contention that he was injured within the scope and course of his employment. After the receipt of the jury verdict, defendant filed its motion entitled "Defendant's Motion for Judgment notwithstanding the verdict of the jury, or in the alternative, a renewal of its motion for instructed verdict, or in the alternative, for judgment in its favor as regarding the answer of the jury to special issue No. 16". On December 2, 1960, the trial judge entered his judgment which recited that defendant's motion for judgment notwithstanding the verdict was sustained and that plaintiff take nothing by his suit. Thereafter plaintiff filed, on December 27, 1960, his amended motion for new trial, the first assignment therein attacking the authority of the trial court to enter judgment non obstante veredicto under Rule 301, Texas Rules of Civil Procedure, based upon an incomplete verdict. Thereafter, on January 3, 1961, the court entered a reformed judgment, wherein the

trial court recited that defendant's motion to renew its instructed verdict should have been sustained upon the specific ground that as a matter of law the plaintiff was not in the course and scope of his employment at the time of the accidental injury complained of, and therefore proceeded to render the judgment against the plaintiff. In his order accompanying the entry of the judgment on January 3, 1961, the trial court agreed that he did not have the authority to grant the defendant's motion for judgment notwithstanding the verdict, and that he "now reforms said judgment to conform with these findings that defendant's motion for instructed verdict should have been granted and that it was the intention of the court to enter a judgment to reflect accurately its findings that as a matter of law plaintiff was not in the course and scope of his employment at the time of his accidental injury * * *."

■ The court correctly concluded that he did not have authority to render judgment notwithstanding the verdict when there was an incomplete verdict as in this case. Handy v. Olney Oil & Ref. Co. (Civ. App.), 68 S.W.2d 313; Fitts v. Carpenter (Civ.App.), 124 S.W.2d 420. Appellant contends that when the trial court sustained this assignment in its motion for new trial that in effect, the new trial was granted and therefore the court had no authority to do anything except place the case back on the jury docket for a new trial. We cannot agree with appellant's contention. The action of the trial court in entering the second judgment took place within thirty days from the entry of the first judgment. The thirtieth day from the rendition of the original judgment was January 1st, a legal holiday, and also a Sunday, therefore, the thirtieth day for the purposes of the reformation of the judgment fell on Tuesday following the Monday following January 1st, or January 3rd. Rule 4, T.R.C.P.; Blackman v. Housing Authority of the City of Dallas, 152 Tex. 21, 254 S.W.2d 103. Under Rule 329b, T.R.C.P., the trial judge has jurisdiction for 30 days following the rendition of judgment to set aside, modify, or amend judgments even without the necessity of a formal written or oral motion. McDonald, Tex.Civ.Practice, § 18.03; O'Neal v. Texas Bank & Trust Co. of Sweetwater, 118 Tex. 133, 11 S.W.2d 791; Zachary v. Home Owners' Loan Corp., (Civ.App.) 117 S.W.2d 153; Gulf, C. & S. F. R. Co. v. Muse, 109 Tex. 352, 207 S.W. 897; 4 A.L.R. 613; Pride v. Pride, (Civ.App.) 318 S.W.2d 715. Appellant's second point is overruled.

■ We turn now to a consideration of appellant's main contention concerning the vital question of course of employment. Since resolution of this question depends upon the facts of each case we have made a careful analysis of the undisputed facts in this record. Appellant, 78 years of age, had been continuously employed for about 18 years as a cattle buyer for Columbia Packing Company of Dallas at the time he sustained the injuries made the basis of this suit. He resided at 2638 Grafton Street in Dallas. His employer's plant was located at 2807 East 11th Street in Dallas. He was not required to perform any work at the Dallas plant, his employment consisting of buying livestock in Fort Worth, and, in some few instances, at other places near Fort Worth. For many years appellant would drive his own automobile from his home to the company plant in Dallas, leave it there, pick up his buying instructions and drive to Fort Worth in a company-owned automobile. After completing his day's work he would return to the plant in Dallas, leave the company car, and return to his home in his own automobile. The appellant did not have any certain hours, nor did he punch a clock as did the other employees. He was required to appear at the Dallas plant to pick up written instructions as to the number and type of cattle that he should buy that particular day. One of the owners of Columbia Packing Company had a young son who desired to learn the cattle buying trade. This young man was an employee of the packing company and was required to

punch a clock at the plant in the morning. Appellant was asked to teach the young man to become a cattle buyer, and for about 3 years prior to the injuries complained of, appellant, in addition to going by the Dallas plant in the morning to pick up the buying instructions, also picked up the owner's son and took him to Fort Worth. Approximately four months before the injuries complained of, appellant requested permission to use his own personal automobile, the reason assigned being that his car was air-conditioned, whereas the company car was not, and therefore more comfortable during the warm months. This arrangement for use of personal automobile between Dallas and Fort Worth was agreeable to the employer who also agreed to provide gasoline and oil from the facilities at the Dallas plant. By custom, appellant would usually fill the tank of his automobile with gasoline upon returning from Fort Worth in preparation for the trip the following morning. On October 21, 1958, appellant was injured in an automobile accident on the public streets in the City of Dallas after leaving his home and on the way to the Dallas plant to pick up his buying instructions and also to pick up the owner's son.

Based upon these facts the sole question is presented: was Whisenant injured within the scope and course of his employment for Columbia Packing Company? Appellant correctly contends that since the trial court sustained the motion for instructed verdict on this issue that such judgment must be reversed if there is any evidence of probative force to raise an issue of fact. Underwood v. Security Life & Annuity Co. of America, 108 Tex. 381, 194 S.W. 585; Texas Employers' Ins. Ass'n v. Ritchie, (Civ.App.) 75 S.W.2d 942; Highway Insurance Underwriters v. Griffith, (Civ.App.) 290 S.W.2d 950.

With awareness of this rule we have carefully considered all of the evidence in this case, construing it most favorably for appellant, as well as what we consider to be the applicable authorities, and have reached the conclusion that, as a matter of law, appellant was not acting within the course and scope of his employment at the time of the sustaining of his injuries, and therefore, the trial court was correct in his judgment.

It is a well-established rule of law in Texas that an injury occurring in the use of public streets or highways in going to and returning from the place of employment is not a compensable injury. Art. 8309, Vernon's Ann.Civ.St.; Smith v. Texas Employers' Insurance Association, 129 Tex. 573, 105 S.W.2d 192; United States Fidelity & Guaranty Co. v. Flanagan, 134 Tex. 374, 136 S.W.2d 210; American General Ins. Co. v. Coleman, 157 Tex. 377, 303 S.W.2d 370. As stated by our present Chief Justice Calvert in American General Ins. Co. v. Coleman, 303 S.W.2d 370, there are exceptions to this rule. Thus an injury is held to be compensable where the means of transportation is furnished by the employer. Fritzmeier v. Texas Employers' Ins. Ass'n, 131 Tex. 165, 114 S.W.2d 236. Again the injury is compensable where the employer pays another to transport the injured employee. Texas Employers' Ins. Ass'n v. Inge, 146 Tex. 347, 208 S.W.2d 867. The "special mission" cases illustrate another exception. In these cases it has been held that an injury is compensable if in going to and returning from his place of employment the employee undertakes special mission under the direction of his employer, or performs a service in furtherance of his employer's business with the expressed or implied approval of his employer. Liberty Mut. Ins. Co. v. Nelson, 142 Tex. 370, 178 S.W.2d 514; Federal Underwriters Exchange v. Lehers, 132 Tex. 140, 120 S.W.2d 791; Texas Employers' Ins. Ass'n v. Knipe, 150 Tex. 313, 239 S.W.2d 1006.

In 1957 our Legislature enacted Section 1b of 8309, V.A.C.S., which clarified, by legislation, the rule and various exceptions previously discussed in court decisions. The amendment provides:

"Unless transportation is furnished as a part of the contract of employment or is paid for by the employer, or unless the means of such transportation are under the control of the employer, or unless the employee is directed in his employment to proceed from one place to another place, such transportation shall not be the basis for a claim that an injury occurring during the course of such transportation is sustained in the course of employment."

Thus, by legislation, there are four exceptions to the general rule concerning non-compensability of travel injuries. We apply these exceptions to the facts before us. The first exception, that transportation is furnished by the employer is manifestly not applicable in that appellant, pursuant to his own arrangement with his employer, furnished his own automobile for that transportation previously furnished by the employer. Moreover, even under the original arrangement whereby the employer furnished transportation such was only furnished between the plant at Dallas and Fort Worth. The second exception, that the transportation is paid for by the employer, is likewise inapplicable. There is no evidence in this record that the employer paid for the transportation at the time of the sustaining of the injuries in question. It has been definitely held that the mere furnishing by the employer of gasoline for the employee's automobile does not constitute the furnishing of transportation. Republic Underwriters v. Terrell (Civ.App.), 126 S.W.2d 752, err.ref. The third exception pertaining to control of the employer of the means of transportation is not applicable here. Appellant testified that his employer made no effort to control his actions between the time he left his residence and the time he reached the company plant. He testified that no effort was made to direct him as to when he should leave home; what route he should take; the speed he should drive his vehicle. As far as this record shows it was completely immaterial to the employer as to how appellant proceeded from his residence to the plant. The record would indicate that it was immaterial to the employer whether appellant spent the night at home, or elsewhere, or whether he proceeded to the plant in the morning in his own car, by bus, or even walking.

Appellant seems to place great emphasis upon the fourth exception contained in the statute, i. e., that the employer directed the employee to proceed from one place to another, which exception comprehends "the special mission" line of cases heretofore referred to. It is appellant's contention that requiring him to go to the plant to pick up the employer's son constituted a "special mission" within the purview of such cases as Consolidated Underwriters v. Breedlove, 114 Tex. 172, 265 S.W. 128 (Com.App.); Lehers v. Federal Underwriters' Exchange (Civ.App.), 79 S.W.2d 925; and Maryland Casualty Co. v. Smith (Civ.App.), 40 S.W.2d 913. With this contention we cannot agree. A careful analysis of the cases cited by appellant makes them immediately distinguishable from the instant appeal. In each of those cases the employee was engaged in specific special mission apart from his regular duties. Not so in this case. Whisenant had for many years, as an integral part of his employment, appeared at his employer's plant in Dallas for the purpose of picking up purchase orders for the day. Admittedly his work for his employer did not begin until he reached the plant. The additional requirement of picking up the employer's son at the plant could not increase the hazard of appellant's employment but was merely incidental to a custom of long standing. It is apparent from this record that appellant would have made the journey from his home to the plant to pick up the orders for the day regardless of whether the employer's son was to be transported to Fort Worth. Here the additional duty of picking up the employer's son was merely incidental to his regular employment which did not begin until he arrived at the com-

pany plant. Appellee admits that had the accident occurred between Dallas and Fort Worth there would be no question concerning course of employment. However, since the accident occurred at a point between the appellant's home and the company plant at a time when appellant's duties had not begun, his injuries would fall within the category of those of the general rule concerning street and highway accidents. Appellant was not required by his employer to proceed from one place to another. He was merely required to report to his employer's plant in time to pick up his orders and his fellow worker so that he could then proceed from the plant to Fort Worth to perform his duties.

Concluding, as we do, that there is no evidence of probative force in this record to raise an issue as to the question of course and scope of employment of appellant at the time he was injured, the action on the part of the trial court in sustaining the motion for instructed verdict was proper

The judgment of the trial court is affirmed.