**TEXAS GENERAL INDEMNITY COMPANY, Appellant,**

v.

**Mrs. Ruth BOTTOM, a feme sole, Appellee.**

No. 3957.

Court of Civil Appeals of Texas.

Waco.

May 31, 1962.

Rehearing Denied June 28, 1962.

Touchstone, Bernays & Johnston, Dallas, Crawford C. Martin, Hillsboro, for appellant.

Baker, Jordan, Davey & Shaw, Dallas, Jack Sims, Hillsboro, Stark, Carroll & Davey, Gainesville, for appellee.

McDONALD, Chief Justice.

This is a suit for death benefits under the Workmen's Compensation Act, brought by the widow of Wilbur F. Bottom, deceased, against his employer's compensation carrier.

Bottom was driving a truck (which belonged to Bottom, but was under lease to Safety Convoy Company), enroute from Hillsboro to Dallas, when he sustained injuries in an accident from which he subsequently died.

Trial was to a jury which, in answer to the single issue submitted, found that Bottom's fatal injuries were sustained in the course of his employment for Safety Convoy Company, his employer. Judgment was entered for plaintiff on the verdict.

Defendant appeals, contending

1) There is no evidence or insufficient evidence to show that deceased sustained accidental injuries in the course of his employment.

2) The Trial Court erred in submitting Issue 1, and the accompanying instruction, because it was confusing, multifarious, and incapable of being understood by an ordinary intelligent jury.

3) The Trial Court erred in not submitting defendant's Requested Issues 1, 2, 3, 4, 5, 6, 7 and 8, inquiring if deceased's injuries were sustained in the course and scope of his employment.

4) The Trial Court erred in overruling defendant's motion in limine to preclude plaintiff from reading his pleadings to the jury, advising the jury that maximum re-

covery in this case would be $35 per week for 360 weeks, such matters not being in issue, as defendant had admitted the payments, if any, should be in a lump sum.

■ We revert to defendant's 1st contention that there was no evidence or insufficient evidence to show that deceased sustained injuries in the course of his employment.

Deceased at the time of his death was an employee of Safety Convoy Company. His pay was on a loaded mile basis. Nevertheless he had other duties, which were in the course and scope of his employment, and in furtherance of the employer's business, and for which he received no pay as such. Some of these duties were: return trips, waiting time, repair time, loading time, *attending postings,* and waiting on the lot.

Deceased owned his truck but leased it under a written lease to his employer. He received an agreed rental from his employer for the truck, and drove it for them under a separate employment contract. The contract under which Bottom leased the truck to Safety Convoy provided that Safety Convoy should have full possession and control of the truck at all times; complete supervision of the operation of the truck, and complete control of the operation of the truck.

Safety Convoy is located in Dallas. Deceased purchased the truck from a dealer in Hillsboro, and had the truck serviced and repaired in Hillsboro. Under deceased's lease agreement, it was deceased's obligation to keep the truck in good condition and repair. Safety Convoy knew and approved of the servicing and repair of the truck in Hillsboro.

On the occasion of his death, deceased had taken the truck to Hillsboro for servicing and repair, and was returning to Dallas to attend a posting of loads for dispatch, at the time of his accidental injury and death.

Article 8309, Sec. 1b "Transportation or travel as basis for claim for injury", provides in part:

"Unless transportation is furnished as a part of the contract of employment, * * * *or unless the means of such transportation are under the control of the employer,* * * * such transportation shall not be the basis for a claim that an injury occurring during the course of such transportation is sustained in the course of employment."

Under deceased's lease of the truck to Safety Convoy, Safety Convoy had complete control of the truck, and for our purposes here, may be considered in the same category as it would have been, had it been the outright owner of the truck.

It is true that deceased went to Hillsboro to have the truck serviced and repaired, and that this was his obligation under his lease agreement with Safety Convoy. He also spent the night with his family in Hillsboro. Nevertheless at the time of his accidental injury which resulted in his death, deceased had previously completed attending to the servicing and repair of the truck (and any visitation with his family), *and was enroute to a posting of loads for delivery at the company's headquarters.* To attend postings was a duty of deceased's employment, and certainly in furtherance of the employer's business, for indeed without attendance at postings of loads for delivery, the employer's business would not be carried out, and no merchandise would be trucked to its destination. Deceased was on a direct route to an assigned task and duty, required by his employment, and was travelling in the transportation furnished by and under the control of the employer when he was injured.

The evidence is ample to sustain the jury's finding.

We have moreover considered the evidence as a whole as we are bound to do under In re King's Estate, 150 Tex. 662,

244 S.W.2d 660, and conclude that the finding is not against the great weight and preponderance of the evidence. See Fritzmeier v. Texas Emp. Ins. Ass'n, Tex.Com. App., 131 Tex. 165, 114 S.W.2d 236; Jones v. Cas. Rec. Exch., Tex.Civ.App., W/E Ref. 250 S.W. 1073. Contention 1 is overruled.

Defendant's 2nd and 3rd contentions complain of the court's submission of Issue 1 and the accompanying instruction; and of the court's refusal to submit defendant's 8 requested issues inquiring if deceased was injured in the course and scope of his employment.

The Court submitted Issue 1 with instructions as follows:

"Issue 1. Do you find from a preponderance of the evidence that the fatal injuries sustained by Wilbur F. Bottom on October 11, 1959 were injuries sustained in the course of his employment for Safety Convoy Company?" Answer "Yes" or "No."

"In connection with the foregoing issue you are instructed that by the term 'injuries sustained in the course of his employment,' is meant injuries of every kind and character having to do with, and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer, whether upon the employer's premises or elsewhere. Unless transportation is furnished as a part of the contract of employment, expressly or by implication, or is paid for by the employer, or unless the means of such transportation are under the control of the employer, or unless the employee is directed in his employment to proceed from one place to another place, such transportation shall not be the basis for a claim that an injury occurring during the course of such transportation is sustained in the course of employment. Travel by an employee in the furtherance of the affairs or business of his employer shall not be the basis for a claim that an injury occurring during the course of such travel is sustained in the course of employment, if said travel is also in furtherance of personal or private affairs of the employee, unless the trip to the place of occurrence of said injury would have been made even had there been no personal or private affairs of the employee to be furthered by said trip, and unless said trip would not have been made had there been no affairs or business of the employer to be furthered by said trip."

We think the court submitted the ultimate issue, and that it was not necessary to submit the requested issues which were evidentiary. As for the instruction, it was in the very terms of the statute, Article 8309, § 1b Vernon's Ann.Tex.Civ.St. See Maryland Cas. Co. v. Smithson, Tex.Civ. App. (n. r. e.), 341 S.W.2d 951 which is directly in point. Contentions 2 and 3 are overruled.

Defendant's 4th contention is levelled at the Trial Court's not sustaining its motion in limine to preclude plaintiff from reading its pleadings to the jury advising the jury that maximum recovery in the case would be $35 per week for 360 weeks. Defendant admitted the payments, if any, should be made in a lump sum. From the record as a whole we conclude that this contention, if valid, is harmless, and presents no reversible error. See Texas Emp. Ins. Ass'n v. Logsdon, Tex.Civ.App., n. r. e., 278 S.W.2d 893; Traders & Gen. Ins. Co. v. Smith, Tex.Civ.App., n. r. e., 311 S.W.2d 91.

All of defendant's points and contentions are overruled and the judgment of the Trial Court is affirmed.

Rehearing denied.

WILSON, Justice (dissenting on rehearing).

I respectfully dissent. The evidence negatives course of employment.