**MARYLAND CASUALTY COMPANY,**
*Appellant,*

v.

**Jack THOMAS, Appellee.**

No. 14079.

Court of Civil Appeals of Texas.

San Antonio.

April 10, 1963.

Rehearing Denied May 15, 1963.

House, Mercer, House & Brock, San Antonio, for appellant.

Petry & Phair, Carrizo Springs, for appellee.

MURRAY, Chief Justice.

This is a workmen's compensation case. Appellant, Maryland Casualty Company, is the workmen's compensation carrier, Tex-Star Petroleum Corporation, the employer, and Jack Thomas, the claimant.

Appellant's position here is that the evidence is undisputed and clearly shows that appellee, Jack Thomas, was not within the scope of his employment at the time of his injury.

The evidence shows that appellee was injured in an automobile accident on the 18th day of March, 1961, at about 11:00 p. m.; he was driving his personal auto at the time of the collision; the collision occurred on U. S. Highway 83, three-fourths of a mile from his place of employment; he was on his way to work; he was not paid while traveling to and from work; the transportation was not furnished or paid for by his employer; the transportation was not under the control of his employer, nor was he under such control. Appellee had been instructed by his immediate supervisor at the company office, to go home, get some sleep and return to the plant at 11:00 p. m., ready to take out a truck loaded with "Oil-Gas". At the time of the collision appellee was not being paid by his employer; he was a truck driver, whose only duties were loading, unloading, driving and servicing his employer's trucks; he only did work for his employer on his employer's premises in Carrizo Springs, or in one of his employer's trucks while hauling.

The only question to be decided is whether, as a matter of law, appellee was within the scope of his employment at the time of his injury.

The general rule is that an injury occurring in the use of a public highway in going to and returning from a place of employment is not a compensable injury within the Workmen's Compensation Act. Art. 8306 et seq., Vernon's Ann.Civ.Stats.; American General Ins. Co. v. Coleman, 157 Tex. 377, 303 S.W.2d 370; United States Fidelity & Guaranty Co. v. Flanagan, 134 Tex. 374, 136 S.W.2d 210; Smith v. Texas Employers' Ins. Ass'n., 129 Tex. 573, 105 S.W.2d 192; American Indemnity Co. v. Dinkins, Tex.Civ.App., 211 S.W. 949.

In 1957, the Legislature enacted Art. 8309, Sec. 1b, Vernon's Ann.Civ.Stats., providing, inter alia, that transportation resulting in injuries to employees would not be within the scope of employment, "Unless transportation is furnished as a part of the contract of employment or is paid for by the employer, or unless the means of such transportation are under control of the employer, or unless the employee is directed in his employment to proceed from one place to another place, * * *."

It is appellee's contention that he came within the provisions of the last provision set forth above, in that he had been ordered by his superior to go home, get some sleep and return at 11:00 p. m., ready to take out a company truck loaded with "Oil-Gas." It is important to take out a load of "Oil-Gas" just as soon as it is loaded because if it stands still for some time it will congeal and become very difficult to unload. This will not happen if it is kept moving.

■ We feel that the question here raised has been settled by two recent cases: Whisenant v. Fidelity & Casualty Co. of New York, Tex.Civ.App., 354 S.W.2d 683, wr. ref., N.R.E., and Texas General Indemnity Co. v. Bottom, Tex., 365 S.W.2d 350.

In the Whisenant case the Court held that H. L. Whisenant was a cattle buyer in the employ of Columbia Packing Company. He was injured upon the streets of Dallas while traveling in his own automobile (using gasoline provided by his employer), from his home to the Packing Company plant, to pick up his assistant and his orders as to what kind of cattle to buy; then he would proceed to the stockyards in Fort Worth where he did the buying. It was necessary for him to go by his employer's plant before proceeding to Fort Worth. The Court held that Whisenant was not acting within the course and scope of his employment at the time he received his injuries and therefore could not recover.

In the Bottom case, Wilbur F. Bottom was injured on the highway between his home in Hillsboro and the plant of his employer, Safety Convoy Company, in Dallas. He was a truck driver and was going to Dallas to see when he would be called upon to take a load out. The Company would post a list of the loads to go out, and the drivers present would select their loads according to seniority. There was to be a posting about 1:00 p. m. and Bottom wanted to be present to select a load. The Company expected all drivers who had not signed out, to be present for these postings. Bottom was driving his own truck but it was leased to his employer. He had full control of the truck, and it was his duty to keep it in repair and serviced. He had taken it to Hillsboro to have some work done on the truck and to have it serviced. There was testimony that he also went there to visit his wife. The repairs had been made, the truck was serviced, and he was returning to Dallas when he sustained the injuries from which he afterwards died. His widow brought suit to recover death benefits under the Workmen's Compensation Act. The jury found, in effect, that he sustained his injuries in the course of his employment and judgment was entered in favor of his widow. On appeal the Court of Civil Appeals upheld this judgment. Texas General Indemnity Company v. Bottom, Tex. Civ.App., 358 S.W.2d 765. The Supreme Court granted a writ, and after construing Sec. 1b of Art. 8309, supra, reversed the judgment of the Court of Civil Appeals and that of the trial court, and rendered judgment for the Indemnity Company. Speaking for the Supreme Court, Associate Justice Walker said: "It is still necessary, therefore, for the claimant to show that the injury is of a kind and character that had to do with and originated in the work, business, trade or profession of his employer and was received while he was engaged in or about the furtherance of the affairs or business of the employer."

We consider it settled that, notwithstanding the provisions of Sec. 1b of Art. 8309, supra, an employee injured on the street or highway while going to or coming from work is not injured in the course of his employment.

The judgment of the trial court is reversed and judgment here rendered that appellee take nothing.