OPINION
UTTER, Judge.
This is an appeal of a worker’s compensation case brought by appellants against Texas Employers Insurance Association, appellee, to recover death benefits under the Texas Worker’s Compensation Act for the death of their son, James T. Bissett, who was killed in an aircraft accident in Kingsville, Texas. The cause was tried before a jury which found that the death of Bissett did not occur in the course of his employment. We affirm the judgment of the trial court.
The evidence introduced at the trial shows that at the time of his death, Bissett was employed as a project engineer on a salaried basis by Goldston Corporation, or its wholly owned subsidiary, Refinery Maintenance Company, the appellee’s insured. Bissett resided in Corpus Christi where the offices of Goldston Corporation are located. Bissett owned a single engine Piper aircraft, which he kept hangared at the Kleberg County Airport.
As a part of his duties with Goldston, Bissett served as a pilot and flew from time to time, in his own plane, his colleagues and superiors at Goldston to various jobs or customers outside the Corpus Christi area.
Bissett had an appointment with William Goldston, Vice-President of Goldston Corporation, to fly to Louisiana on business early on the morning following the fatal crash. On the afternoon prior to the planned business flight with William Gold-ston, Bissett sought and received a weather forecast from the Federal Aviation Administration’s San Antonio Flight Service which indicated deteriorating weather conditions for the following morning, including low ceilings, poor visibility and fog. Sometime after work, Bissett and his wife departed Corpus Christi in a company automobile for the Kleberg County Airport to fly the airplane to the Gulf Aviation hangar in Corpus Christi where he was to meet William Goldston the following morning. It was during the flight from Kingsville to Corpus Christi that Bissett’s airplane crashed and he was killed.
The sole issue submitted to the jury was as follows:
Do you find from a preponderance of the evidence that the death of James Bissett occurred while he was in the course of his employment by Goldston Corporation?
Accompanying this special issue was the following instruction:
Injury or death in the course of employment means any injury or death having to do with and originating in the work, business, trade, or profession of the employer, received by an employee while engaged in or about the furtherance of the affairs or business of his employer, whether upon the employer’s premises or elsewhere. “An injury or death which occurs while traveling to or from work is not in the course of employment unless the employee is performing a service in the furtherance of the employer’s business with the express or implied approval of the employer, ” [Emphasis ours.]
In their first two points of error, appellants complain of the factual and legal sufficiency of the evidence to support the trial court’s submission of the emphasized portion of the instruction set forth above. *337 TEX.R.CIV.P. 277 requires the court to “submit such explanatory instructions and definitions as shall be proper to enable the jury to render a verdict_” An instruction is “proper” if it finds support in any evidence and the inferences to be drawn therefrom, and if it might be of some aid or assistance to the jury in answering the issues submitted. Atlantic Mutual Insurance Co. v. Middleman, 661 S.W.2d 182 (Tex.App.—San Antonio 1983, writ ref’d. n.r.e.); Thomas v. Oil & Gas Building, Inc., 582 S.W.2d 873 (Tex.Civ.App.—Corpus Christi 1979, writ ref’d. n.r.e.); Mejia v. Liberty Mutual Insurance Co., 544 S.W.2d 690 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ).
As a general rule, injuries incurred by employees while traveling to and from work (the “coming and going” rule) are not compensable under the Worker’s Compensation Act because they are not incurred in the course of employment as required by TEX.REV.CIV.STAT.ANN. art. 8309 § 1 (Vernon 1967). Meyer v. Western Fire Insurance Co., 425 S.W.2d 628 (Tex.1968); Texas General Indemnity Co. v. Bottom, 365 S.W.2d 350 (Tex.1963); American Home Assurance Co. v. Fabela, 658 S.W.2d 264 (Tex.App.-Corpus Christi 1983, writ ref’d n.r.e.).
TEX.REV.CIV.STAT.ANN. art. 8309, § lb, which addresses “Transportation or travel as basis for claim for injury,” has two parts. The first part states that in order for injuries incurred during travel to be in the course of employment and therefor compensable, the transportation must be (1) “furnished as a part of the contract of employment,” or (2) “paid for by the employer,” or (3) “under the control of the employer,” or (4) when “the employee is directed in his employment to proceed from one place to another place.”
The second part contains what is commonly known as the “dual purpose” rule. It states that injuries incurred during travel for the dual purpose of furthering the affairs or business of the employer and of furthering the employee’s personal or private affairs shall not be deemed in the course of employment and therefor com-pensable, “unless the trip to the place of occurrence of said injury would have been made even had there been no personal or private affairs of the employee to be furthered by said trip, and unless said trip would not have been made had there been no affairs or business of the employer to be furthered by said trip.”
The “special mission” presents another exception to the general rule. An injury is compensable if in going to and returning from his place of employment, the employee undertakes a special mission under the direction of his employer or performs a service in furtherance of his employer’s business with the expressed or implied approval of his employer. Texas General Indemnity Co. v. Bottom, 365 S.W.2d at 353.
The jury heard the testimony of Eugenia Bissett, decedent’s mother, who testified that it was her son’s usual practice to move his airplane from the Kleberg County Airport to the Corpus Christi Airport the night before he had a very early flight planned for the next day because “Jim was not a morning person.” There was also testimony given by Daulton E. Bissett, decedent’s father, that decedent kept the airplane at Kleberg County Airport for his own convenience because hangar rent at Kleberg County Airport was cheaper than that at the Corpus Christi Airport.
William F. Goldston, decedent’s employer, testified that prior to the accident, he thought the airplane was hangared in Corpus Christi rather than Kingsville; that the company reimbursed decedent only for flying time commencing from Corpus Christi; that they never reimbursed him for any flying time from Kingsville to Corpus Christi; and that he was never aware that decedent was flying his airplane from Kingsville to Corpus Christi in order to pre-position it for flights the following day. Mr. Goldston further testified that, knowing now that the plane was kept in Kings-ville, it would have been more convenient for him to leave from Corpus Christi than it would have been from the Kleberg County *338 Airport. This evidence, and the inferences to be drawn therefrom, raised the issue of whether decedent was performing a service in furtherance of his employer’s business with the express or implied approval of his employer. The instruction given was necessary in order for the jury to answer the issue submitted.
Appellants argue that “the instruction concerning an employee injured while traveling to or from work is applicable only to situations where the employee was injured while going to or returning from work at a fixed, place of employment. ” Appellants cite Texas General Indemnity Co. v. Bottom, 365 S.W.2d 350 (Tex.1963) and Whisenant v. Fidelity & Casualty Company of New York, 354 S.W.2d 683 (Tex.Civ.App.—Dallas 1962, writ ref'd. n.r.e.) as support for this contention.
In Bottom, Wilbur Bottom drove a truck for Safety Convoy Company. Safety Convoy’s offices were located in Dallas. Bottom lived in Hillsboro. Bottom, as did other drivers, owned his own truck and leased it to Safety Convoy. Bottom was killed when his truck overturned while driving from Hillsboro to Dallas in order to pickup a load. In finding that his death did not occur within the course and scope of his employment, the Supreme Court stated that “at the time of the accident [he] was returning to his place of employment where he expected to resume his duties. His fatal injuries did not have to do with and originate in the business of the employer as required by art. 8309.” Texas General Indemnity Co. v. Bottom, 365 S.W.2d at 354.
In Whisenant, the plaintiff was a cattle buyer employed by Columbia Packing Company of Dallas. Whisenant would drive his own automobile from his home to the company plant in Dallas in order to pick up his buying instructions and a company vehicle and then drive to Fort Worth to purchase cattle. Whisenant was injured in an automobile accident which occurred while traveling from his home to the Dallas plant. In holding that his injuries were not compen-sable, the Court of Appeals stressed that “his regular employment ... did not begin until he arrived at the company plant ... [and] ... since the accident occurred at a point between the appellant’s home and the company plant at a time when appellant’s duties had not begun, his injuries would fall within [the coming and going rule].” Whisenant v. Fidelity and Casualty Co. of New York, 354 S.W.2d at 687, 688.
We do not interpret these cases or cases decided since to construe “a fixed place of employment” as narrowly as appellants contend. Appellants state that since decedent’s office was in Corpus Christi, then the Corpus Christi office was his only “fixed place of employment” and therefore the instruction as to traveling would have no application. A person can have more than one fixed place of employment and that fixed place of employment can change according to the nature of his work. See Meyer v. Western Fire Insurance Co., 425 S.W.2d 628 (Tex.1968); see also City of Dallas v. Bradford, 646 S.W.2d 302 (Tex.App.—Dallas 1983, writ ref’d. n.r.e.).
There is evidence in the record which supports the contention that the decedent was traveling to his fixed place of employment at Gulf Aviation in the Corpus Christi Airport where he would “resume his duties” for his employer when the accident which took his life occurred. As the Supreme Court stated in Meyer v. Western Fire & Insurance Co., 425 S.W.2d at 628: “Reduced to its simplest terms, the problem is whether he was already working, or was simply on his way to work, at the time of the accident.”
Appellants also contend that this instruction is a comment on the weight of the evidence because it assumes that the decedent was injured while traveling to or from work. At trial, appellants’ objection to the submission of this instruction was that there was “no evidence that his injury occurred while traveling to or from work.” Appellants did not object on the basis that the instruction was a comment on the weight of the evidence. Having not presented this objection at the proper time, *339 appellants have waived it. TEX.R.CIV.P. 272; Davis v. Campbell, 572 S.W.2d 660 (Tex.1978). Further, appellants cite no authority for their contention that this instruction constitutes a comment on the weight of the evidence. This alone furnishes a basis for overruling the contention. Lemos v. Montez, 659 S.W.2d 145 (Tex.App.—Corpus Christi 1983) rev’d. on the other grounds, 680 S.W.2d 798 (Tex.1984)). Even had appellants properly preserved error, it would be without merit. In order to constitute a comment on the weight of the evidence the instruction must be worded so as to indicate the opinion of the trial judge as to the verity or accuracy of the facts in inquiry. McDonald Transit, Inc. v. Moore, 565 S.W.2d 43 (Tex.1978); Aetna Casualty & Surety Co. v. Martin Surgical Supply Co., 689 S.W.2d 263 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd. n.r.e.). The trial court’s instruction was therefore proper and not an abuse of discretion. Appellants’ first two points of error are overruled.
In their third point of error, appellants complain of the legal and factual sufficiency of the evidence to support the jury’s finding that decedent’s death did not occur in the course of his employment. In considering a “no evidence” or “insufficient evidence” point of error, we will follow the well established test set forth in Dyson v. Olin Corp., 692 S.W.2d 456 (Tex.1985); Glover v. Texas General Indemnity Co., 619 S.W.2d 400 (Tex.1981); Garza v. Alviar, 395 S.W.2d 821 (Tex.1965); Allied Finance Co. v. Garza, 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref’d n.r.e.); CALVERT, No Evidence and Insufficient Evidence Points of Error, 38 Tex.L. Rev. 361 (1960). We hold that the same evidence which supports the trial court’s submission of the instruction complained of by appellants was sufficient to support the jury’s verdict. Appellants’ third point of error is overruled.
The judgment of the trial court is AFFIRMED.