## TRAVELERS INS. CO. v. McCOWN.
### No. 2613.

Court of Civil Appeals of Texas. Eastland.
Nov. 21, 1947.

Rehearing Denied Dec. 19, 1947.

Thompson, Knight, Harris, Wright & Weisberg, of Dallas, for appellant.

Thomas L. Blanton, of Albany, for appellee.

LONG, Justice.

This is a workman's compensation case. Judgment, on a jury verdict, was entered in the County Court in favor of S. W. McCown, against Travelers Insurance Company, for the sum of $195.02, from which judgment the insurance company has appealed.

Appellant by its first point contends the court erred in overruling its motion for an instructed verdict, the ground for such motion being that the appellee was not in the course of his employment at the time he was injured. Appellee was engaged in farming and raising livestock in the northwest part of Shackelford County near where the Valley Osage Oil Company had three producing wells. From the testimony of the appellee, it is shown that in May, 1944, he entered into an oral agreement with the Valley Osage Oil Company to pump the three wells located on a lease a mile and a half from his home. That under his agreement with the oil company he was to pump said wells regularly and for such time as was necessary for them to produce the allowable under proration orders and in connection with said work, he was to furnish his automobile and the up-keep thereof for the total consideration of $75 per month (which was thereafter increased to $100 each month). The oil company was to furnish oil and gasoline for his car. Appellee testified that he used his

automobile in going to and from his home to the lease where the wells were located and also in going to Anson and Albany after repairs and supplies used in connection with the pumping of said wells.

On the morning of November 29, 1944, appellee attempted to start his car for the purpose of going from his home to the wells which were then pumping, but his car failed to start. The morning was very cold and the line and fuel pump on the car had frozen. The appellee, while trying to thaw said frozen part of the car with a torch, received a deep burn to his right hand. He was taken immediately to the hospital at Stamford where he was treated by Dr. Bunkley.

We are of the opinion that the trial court did not err in overruling appellant's motion for an instructed verdict. We believe that the evidence raised an issue of fact for the determination of the jury as to whether the appellee was in the course of his employment at the time he sustained the injury. We recognize the rule that ordinarily an employee is deemed not to be within the course of his employment if he furnishes his own transportation and is injured while going to or from the premises where he is employed. However, as we view the facts in this case, the Valley Osage Oil Company was furnishing transportation to the appellee not only for the purpose of going to and from his work, but for the purpose of going to nearby towns in order to obtain repairs and supplies incident to the carrying on of the business of pumping the wells on the lease. It was part of the duties imposed upon appellee by his contract of employment to keep his automobile in repair so that it might be used in connection with his work for the oil company. In attempting to start his automobile which he was required to use in the conduct of the business of his employer, he was engaged in the furtherance of that business, and his injury being sustained while so engaged is compensable under the Workmen's Compensation Act.

We have read many authorities upon this question and it is our considered opinion that the evidence was sufficient to sustain a finding by the jury that the appellee was in the course of his employment at the time of his injury. Mosley et al. v. Royal Indemnity Company, 5 Cir., 68 F.2d 220; Petroleum Casualty Company v. Green, Tex.Civ.App., 11 S.W.2d 388; Western Indemnity Company v. Leonard, Tex.Com. App., 248 S.W. 655; Jones et al. v. Casualty Reciprocal Exchange, Tex.Civ.App., 250 S.W. 1073; Lumbermen's Reciprocal Association v. Behnken, 112 Tex. 103, 246 S. W. 72, 28 A.L.R. 1402.

Appellee introduced in evidence over the objection and exception of appellant the deposition of C. A. Solt, Secretary and Treasurer of the Valley Osage Oil Company. Mr. Solt testified that he had held such position with the company for twenty years. We quote from the testimony of the witness as follows:

"Q. State fully the nature and extent of his duties, and what if anything was said S. W. McCown to furnish, in connection with his work? A. His duty was to look after and pump the J. S. McKeever lease in Shackelford County. We paid him $100.00 per month for his time and the use of his car, which he was to furnish in connection with his work. In addition we paid for the gasoline and oil necessary for the use of his car in such work.

"Q. State whether or not said S. W. McCown sustained an injury while he was employed for said Osage Valley Oil Company? A. Yes.

"Q. State whether or not S. W. McCown agreed to furnish the use of his car in pumping the wells on your lease, as a part of the consideration for the $100.00 per month he was paid? A. Yes.

"Q. Where is was necessary to get his car in running condition, when starting to pump your wells on your Company's lease, state whether or not S. W. McCown was on his own time or your time, the time of your Company, the Osage Valley Oil Company? A. He was on the time of our Company, the Valley Osage Oil Company."

It is shown by the answers of the witness to cross interrogatories propounded to him that he never talked to S. W. McCown at any time about his contract of employment with the oil company. It is further shown that all of the information the wit-

ness had with reference to the contract of employment was obtained from Mr. Landers, Production Superintendent for the Company. It is further shown from the testimony of the witness that Mr. Landers was dead at the time of the trial of this case.

Appellant objected to said testimony on the grounds that it was based on hearsay. We are of the opinion that the objection was good and should have been sustained. by the trial court. The witness had no personal knowledge of the terms of the contract of employment with S. W. McCown. He lived in San Antonio, Texas, and never talked to Mr. McCown at any time about his employment. All of the information that the witness had with reference to the terms of the contract was obtained from Mr. Landers, the Production Superintendent. Consequently, any evidence that the witness gave as to the terms and conditions of the contract was based upon the hearsay statement of Mr. Landers. Under the law, a witness cannot testify to facts where his knowledge thereof is derived from the unsworn statements of others. Traders & General Insurance Co. v. Rhodabarger, Tex.Civ.App., 93 S.W.2d 1180; Maryland Casualty Co. v. Davis, Tex.Civ.App., 181 S.W.2d 107.

We cannot hold the evidence harmless for the reason that the controlling issue in the case was whether Mr. McCown was in the course of his employment at the time he was injured. In determining that question, the jury had to take into consideration the terms of his contract of employment. The evidence bore directly and was material upon the main issue in the case. We believe the evidence was inadmissible and that the admission of same over the objection made, was reversible error.

By another point, appellant complains of a statement made by counsel for appellee in. the presence of the jury as to the result of a former trial of the case in the Justice Court. We deem it unnecessary to discuss this point as it is not likely to occur on another trial.

All other points have been carefully examined and the questions. raised do not present reversible error.

For the reasons heretofore assigned, it is our duty to reverse the judgment of the trial court and remand the cause for a new trial. Judgment reversed and cause remanded.