Bonnie J. BALES, Appellant,

v.

LIBERTY MUTUAL INSURANCE CO., Appellee.

No. 7897.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 20, 1969.

Edwards & Brackett, James R. Edwards, Lubbock, H. M. Hood, Borger, for appellant.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, R. A. Wilson, Amarillo, of Counsel, for appellee.

JOY, Justice.

This is a workmen's compensation case appealed from a summary judgment granted for the defendant in the trial court.

Plaintiff Bales contends that a material issue of fact existed as to (1) Bales "was required and it was necessary for him to use an ingress to his employer's premises which was a hazardous risk and incidental to his work" and (2) "because he (Bales) was on a special mission".

The facts as set forth in the record are essentially undisputed. Bales was employed by Wes-Tex Construction Company as a cement finisher. The foreman for Wes-Tex, George Jones, instructed Bales on July 28, 1967, to report at employer's work barn on July 29, 1967, at or about 4:00 A.M., some two or three hours earlier than Bales customarily reported for work. Bales furnished his own transportation to and from employer's work barn and Bales' home and Bales received no pay for transportation, nor was he required to do anything for his employer in the course of

going to and from his work. On this particular day, the foreman had given Bales a key to the work barn so that he could open same for other employees who apparently were to arrive later than Bales. However, for reasons and under circumstances not shown by the record, another employee took the key and left for the work barn earlier than Bales. Bales traversed the route to work on July 29, 1967, that he normally took when reporting to work at a later hour. The route he covered entailed crossing a set of railroad tracks on a public street in the City of Borger. This railroad crossing was a mile to a mile and a quarter from the employer's work barn or place of business. The general public had access to and used the same city street and railroad crossing at all times. The record reflects that Bales approached the railroad crossing during the darkness hours, and as he did so he stopped and then proceeded on in a westerly direction after having seen a light down the railroad track that appeared to be going south, away from the crossing. As he proceeded he suddenly struck what he later learned to be a black tank car, suffering personal injuries and demolishing his vehicle which he was driving, identified as a pickup truck. Bales contends this was the first time he had been ordered to work at 4:00 A.M. and the first time he had ever crossed the railroad tracks in the darkness of night while driving to his work at the barn.

■ (1) Bales' contention that the "access" rule applies to this case citing Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S.W. 72, 28 A.L.R. 1402 and other cases, cannot be sustained. The rule heretofore followed seems to be that injuries received by a workman "coming and going" must be sustained, to be compensable under the Workmen's Compensation Law, through the use of ingress or egress actually situated on the employer's property, or so close in proximity thereto as to be in practical effects a part of the employer's premises, or to expose the workman to some risk or hazard to which the general public would not be exposed Kirby Lumber Co. v. Scurlock, 112 Tex. 115, 246 S.W. 76; Employers' Liability Assur. Corporation v. Light (Tex.Civ. App.) 275 S.W. 685 (ref.); Texas Employers' Ins. Ass'n v. Thomas (Tex.Civ. App.) 283 S.W. 240 (ref.); Kelty v. Travelers Insurance Co. (Tex.Civ.App.) 391 S.W.2d 558 (ref. n. r. e.); Travelers Insurance Co. v. McCown (Tex.Civ.App.) 206 S.W.2d 663 (err. dism'd); Texas General Indemnity Co. v. Bottom (Sup.Ct.) 365 S.W.2d 350 (rehearing denied). Appellant's first point is overruled.

(2) Bales' next contention is that he was on a "special mission" for the employer in that the employer had instructed him to report to work at 4:00 A.M. instead of the usual later hour, and that Bales was furnished a key to the premises so that he could open up for the other employees. Bales admits that another employee actually picked the key up from him and he therefore was relieved of this duty.

Art. 8309, Sec. 1b enacted in 1957 reads as follows:

"Unless transportation is furnished as a part of the contract of employment or is paid for by the employer, or unless the means of such transportation are under the control of the employer, or unless the employee is directed in his employment to proceed from one place to another place, such transportation shall not be the basis for a claim that an injury occurring during the course of such transportation is sustained in the course of employment. Travel by an employee in the furtherance of the affairs or business of his employer shall not be the basis for a claim that an injury occurring during the course of such travel is sustained in the course of employment, if said travel is also in furtherance of personal or private affairs of the employee, unless the trip to the place of occurrence of said injury would have been made even had there been no personal or private affairs of the employee to be furthered by said trip, and unless

said trip would not have been made had there been no affairs or business of the employer to be furthered by said trip."

■ Plaintiff Bales must bring himself under one of the listed exceptions in order to be covered by the Workmen's Compensation Act. We do not think he has done so. Undisputedly Bales (1) was not furnished transportation, (2) was not paid for transportation, (3) was not controlled by the employer in his transportation or (4) was not directed *in his employment* to proceed from one place to another.

■ Bales contends that by reason of the earlier hour of reporting for work, per the employer's instructions, and the entrustment of the key to the premises that this brought him within the "special mission" exception, presumably either (4) stated above or the last part of Sec. 1b relating to "travel by an employee in the furtherance of the affairs or business of his employer * * *" citing Texas Employers' Insurance Ass'n v. Inge (Sup. Ct.) 146 Tex. 347, 208 S.W.2d 867. Since this case was tried before the addition by the Legislature of Sec. 1b to Art. 8309 the case no longer applies.

The Supreme Court in Texas General Indemnity Co. v. Bottom, 365 S.W.2d 350 (1963) stated:

"When the provisions of Section 1b are read in connection with those of Section 1 and our decisions construing and applying the same, we think the Legislature intended thereby to circumscribe the probative effect that might be given to the means of transportation or the purpose of the journey rather than to enlarge the definition found in Section 1."

By further restricting the rules regarding transportation, we are unable to find any intent by the Legislature to cover those workmen who might be requested to report at some hour different than the usual or customary hour, whether said reporting hour be designated during the daytime or nighttime. We think the facts of the Agricultural Insurance Co. v. Dryden (Sup.Ct.) 398 S.W.2d 745 (rehearing denied) are sufficiently analogous to this case as to control our holding. In that case Dryden was a foreman or pusher of a carpenter crew and when directed to do so was required to transport certain power tools from work site to home and back to work site. On the occasion made the basis of that suit, Dryden was directed to report to a *new* job site on a particular morning and, although the record is not entirely clear, apparently was required to leave at different hours and at different times, depending on the job location. At this particular time Dryden left at 5:15 A.M. and took the route of his own choosing. The court stated, page 747, "All of Dryden's travel was going to and from work. His subjection to traffic hazards while so driving was not the result of, or caused by, any direction of his employer that he proceed from one place to another. There was no special mission assigned Dryden which required any travel by him apart from, or in addition to, his regular and personal transportation to and from work. Cf. Whisenant v. Fidelity Casualty Company of New York, 354 S.W.2d 683 (Tex.Civ.App.1962, writ ref., n. r. e.)."

In this case Bales was proceeding to employer's work barn in his own pickup truck, upon no special mission assigned by his employer and along the route of his own selection.

We conclude that there is no evidence of probative force in this record to raise a fact issue as to the course or scope of employment of appellant Bales at the time of injury and that the action of the trial court in granting the motion for summary judgment was proper. The judgment of the trial court is affirmed.