Azalia **RODRIGUEZ, Individually and as Next friend of Eric, Aaron and Leonard Rodriguez, minor children, Appellants,**

v.

**TEXAS EMPLOYER'S INSURANCE ASSOCIATION, Appellee.**

No. 16216.

Court of Civil Appeals of Texas, San Antonio.

May 16, 1979.

Thomas S. Hoekstra, Chrysanthe A. Lambros, Branton & Mendelsohn, Inc., San Antonio, for appellants.

John G. Lewis, Thomas H. Crofts, Jr., Groce, Locke & Hebdon, San Antonio, for appellee.

OPINION

MURRAY, Justice.

This suit for death benefits under the Workers' Compensation Act was brought by the widow of Santiago Rodriguez, Jr., who was an employee of the H. E. Butt Grocery Company before he lost his life in a highway accident. The trial court granted a summary judgment in favor of Texas Employer's Insurance Association, appellee, the insurance carrier, and appellants have perfected their appeal to this court.

The summary judgment evidence establishes the following facts as stated in appellant's brief:

The Summary Judgment evidence, viewed as it must be in a light most favorable to the Plaintiff, reflects that Plaintiff's Decedent, SANTIAGO A. RODRIGUEZ, JR., was employed as a butcher in the market department of the H.E.B. Super Market No. 12 in San Antonio, Texas, which market is owned by the H. E. Butt Grocery Company. On or about July 9, 1977, the Decedent was directed by his supervisory employers RICHARD RUIZ (store director of H.E.B. No. 12) and RICHARD ESPARZA (market manager) to work from 8:00 o'clock a. m. until 11:00 o'clock a. m. on the following Sunday, July 10, 1977. The Deceased worked a regular forty hour work week and completed such on July 9th. Hence, the three hours which he was directed to work on Sunday were not part of his regular work schedule. The Deceased, moreover, had made plans for that Sunday to work on an old car which he was engaged in refurbishing, after which he was to join with members of his family in a reunion and dinner. Notwithstanding the fact that the Deceased had made personal plans and objected to working on that Sunday, his employers persisted in their request that he come to work in order that other employees might attend a company athletic function.

The Decedent eventually agreed to work on Sunday, July 10, 1977, and arrived at work on that date as scheduled. In order to do this it was necessary for him to ride his motorcycle on a public highway, following the identical route he had always taken home. He did not deviate from that route to further personal business of his own. At approximately 11:32 o'clock a. m., the Decedent was involved in a collision with another automobile which caused his death and has given rise to the instant cause of action.

Appellants contend that the trial court erred in granting the summary judgment because a disputed fact issue existed on whether appellants' decedent was acting within the course and scope of his employment at the time of the accident in which he was fatally injured. We disagree.

The facts here simply show that the deceased was returning home from work when he was fatally injured in a motor vehicle accident. It is well established in this state that an injury occurring in the use of a public street or highway in going to or returning from the place of employment is not compensable because it was not incurred in the course of employment. *Texas General Indemnity Co. v. Bottom,* 365 S.W.2d 350 (Tex.1963); *American General Insurance Co. v. Coleman,* 157 Tex. 377, 303 S.W.2d 370 (1957); *Hackfeld v. Pacific Employers Insurance Co.,* 393 S.W.2d 720 (Tex.Civ.App.—San Antonio 1965, writ ref'd); *Maryland Casualty Co. v. Thomas,* 367 S.W.2d 407 (Tex.Civ.App.—San Antonio 1963, writ ref'd).

Appellants recognize the general rule, but contend that the deceased in this case was on a "special mission" for his employer because the work he performed on that Sunday was overtime and not part of his regular employment. Section 1b of Art. 8309, Texas Revised Civil Statutes, provides in part as follows:

Unless transportation is furnished as a part of the contract of employment or is paid for by the employer, or unless the means of such transportation are under the control of the employer, or unless the employee is directed in his employment to proceed from one place to another place, such transportation shall not be the basis for a claim that an injury occurring during the course of such transportation is sustained in the course of employment.

This section was enacted in 1957 in an effort to codify the specific situations when an injury suffered during transportation or travel could serve as a basis for a compensable claim. *Jecker v. Western Alliance Insurance Co.,* 369 S.W.2d 776 (Tex.1963). In *Jecker,* the Supreme Court interprets section 1b as follows:

It is to be noted that one of the exceptions to the provision in Sec. 1b that 'transportation shall not be the basis for a claim that an injury occurring during the course of such transportation is sustained

in the course of employment' is when 'the employee is directed in his employment to proceed from one place to another.' We construe this exception to include those situations in which the employee proceeds from one place to another under the terms of an employment which expressly or impliedly requires that he do so to discharge the duties of his employment. 369 S.W.2d at 779.

 Here, we have a case of an employee being injured while returning home from his work. The fact that the employee had been working an extra day for his employer would not change the situation.

*Hartford Accident & Indemnity Co. v. Bond,* 199 S.W.2d 293 (Tex.Civ.App.—Eastland 1946, n. r. e.) and *Jecker v. Western Alliance Insurance Co.,* 369 S.W.2d 776 (Tex.1963), cited by appellants, are not in point. In *Jecker* the employee was a sales and service man for his employer and was killed while returning home after performing some repairs to appliances in a distant town. He was required to travel in the performance of his duty. In *Bond* the deceased was an oil well roughneck who had been instructed to inform his drilling boss in advance if he ever felt he could not work his assigned shift. Neither he nor his boss had a telephone. The deceased left home in his personal car and traveled to the home of his boss to inform him that he could not work his regular shift on the night in question. He was killed in an automobile accident while returning home. It is evident in *Bond* that the deceased was killed while performing a special mission and was "directed in his employment to proceed from one place to another place."

The case most factually similar to the case at bar is *Bales v. Liberty Mutual Insurance Co.,* 437 S.W.2d 575 (Tex.Civ.App.—Amarillo 1969, no writ). In *Bales* the employee was instructed by his superior to report to his regular place of employment some two to three hours earlier than he normally reported. The employee was injured when he was struck by a train while traveling his normal route to work. The employee contended that he was on a "special mission" for his employer since he was instructed to report for work at 4:00 a. m. instead of his normal reporting hour. The court held that the employee was not on a special mission and affirmed a summary judgment for the carrier.

The judgment of the trial court is affirmed.