**Barbara Gayle Klare HACKFELD et al., Appellants,**

**v.**

**PACIFIC EMPLOYERS INSURANCE CO., Appellee.**

**No. 14394.**

Court of Civil Appeals of Texas.

San Antonio.

July 7, 1965.

Rehearing Denied July 28, 1965.

Lawrence H. Warburton, Perkins, Floyd, Davis & Oden, Alice, for appellant.

Keys, Russell, Keys & Watson, Corpus Christi, for appellee.

MURRAY, Chief Justice.

The heirs of James Klare and Bobby Joe Rokohl brought this suit against Pacific Employers Insurance Co., to recover benefits under the Workmen's Compensation Act. Klare and Rokohl were members of a drilling crew and were returning from a tour of duty, riding in an automobile belonging to one of their fellow crew members upon a public highway, when an accident occurred and they were fatally injured.

On the morning of September 20, 1963, Klare and Rokohl each had driven his own car to the home of Ray Hilmer, the driller of the crew, and had then gotten into a car owned by a fellow crew member and had ridden to the drilling site some twenty-five miles away. The crew members were returning to Ray Hilmer's home in Orange Grove, where, had they arrived safely, Klare and Rokohl would have entered their own respective cars and driven home. In the car in which they were traveling was a water can belonging to Afroma Drilling Company, the employer, which would have been filled with ice water the next morning and carried back to the drilling site for use of the drilling crew. There was a water well at the drilling site, but the crew preferred to bring ice and water from Orange Grove. The driller, Hilmer, would furnish the money for the ice, but the tool pusher would reimburse him if he asked for the money, which he generally did not do. The ice and water were obtained without deviating from the shortest and most direct route to the drilling site.

As Klare and Rokohl were fatally injured on the return trip it would seem unimportant as to what had happened on the trip that morning, or what would have happened the next morning, except for the accident.

After all of the evidence was in, Pacific Employers Insurance Company made a motion for an instructed verdict which was granted and judgment rendered that plaintiffs take nothing, and it is from this judgment that the appeal is prosecuted.

It occurs to us that the facts here simply show that the deceased employees were returning home from work when they were fatally injured in a highway automobile collision. The record shows that their pay did not start until they arrived at the rig site ready to go to work, and such pay stopped when they left the rig floor. Getting to and from their work was a matter for the crew members. Afroma Drilling Company furnished no transportation.

There is evidence that Ray Hilmer, the driller who had the power to hire and fire, had told the crew members to gather at his house in Orange Grove, and there form a car pool to cut down the expense of going to and from work. It is not shown that he

had any authority from the drilling company to make or enforce such orders. Apparently it was just the sensible thing to do and for the benefit of the crew members. The foreman had the same problem of getting to and from work as did the other crew members. Art. 8309, sec. 1b, Vernon's Ann.Civ.Stats., enacted by the Legislature in 1957, plainly states as follows:

"Sec. 1b. Unless transportation is furnished as a part of the contract of employment or is paid for by the employer, or unless the means of such transportation are under the control of the employer, or unless the employee is directed in his employment to proceed from one place to another place, such transportation shall not be the basis for a claim that an injury occurring during the course of such transportation is sustained in the course of employment. Travel by an employee in the furtherance of the affairs or business of his employer shall not be the basis for a claim that an injury occurring during the course of such travel is sustained in the course of employment, if said travel is also in furtherance of personal or private affairs of the employee, unless the trip to the place of occurrence of said injury would have been made even had there been no personal or private affairs of the employee to be furthered by said trip, and unless said trip would not have been made had there been no affairs or business of the employer to be furthered by said trip."

The travel here does not come under the above provisions. These employees were simply returning to their homes from work. In Maryland Casualty Co. v. Thomas, Tex. Civ.App., 367 S.W.2d 407, wr.ref., it was appellee's contention that he came within the provisions of Sec. 1b, supra, in that he had been ordered by his superior to go home, get some rest and return at 11:00 p.m. ready to take out a company truck loaded with "oil-gas." The appellate court did not agree.

Here we have a simple case of employees being injured while returning from work, riding in a car belonging to a fellow employee, and operated at his own expense. These employees simply rotated the use of each other's car to reduce expenses. The fact that the water can belonging to the employer was in the car does not change the situation one bit.

Appellants rely heavily upon the case of Jecker v. Western Alliance Ins. Co., 369 S.W.2d 776 (Tex.1963). In the case at bar the accident occurred while the crew was traveling from work to their homes by the shortest and most direct route. They were performing no duties for their employer, and their exposure to traffic hazards was the same as the general public. The car was not under the control of the employer, nor were the expenses thereof paid in whole or in part by the employer. In the Jecker case the employee was a sales and service man for his employer, and when he sustained his fatal injuries he was on a trip, which was impliedly directed by his employer, to service an electric stove in a nearby town; quite a different situation from what we have here.

The case most closely resembling the case at bar is that of Janak v. Texas Employers' Ins. Ass'n, 381 S.W.2d 176 (Tex. 1964). There the employee was permitted to recover workmen's compensation. He was not returning, but was on his way to work and the driver of the car deviated from the most direct route to pick up ice and water, which was shown under the circumstances to be in furtherance of the employer's business. No such facts are shown here.

The judgment of the trial court is affirmed.