**F. J. P. MEYER, Appellant,**

**v.**

**WESTERN FIRE INSURANCE COMPANY, Appellee.**

**No. 11517.**

Court of Civil Appeals of Texas.

Austin.

June 21, 1967.

Rehearing Denied Sept. 13, 1967.

---

John S. Wade, Austin, for appellant.

Will G. Barber, Michael T. Johnson, Austin, Brown, Sparks, Erwin, Maroney & Barber, Austin, for appellee.

PHILLIPS, Chief Justice.

This appeal arises out of a suit brought under the Texas Workmen's Compensation Act.

In January 1966, appellant was injured in an automobile accident when the car he was driving collided with another vehicle on a street in Austin, Texas. At the time of the accident appellant was proceeding to the office of his employer Walter Carrington, a building contractor in Austin. Appellant brought suit against appellee, Carrington's compensation carrier.

The trial court granted appellee's motion for summary judgment on the ground that appellant was not in the course of his employment at the time of the accident and it is from this judgment that appellant has perfected his appeal to this Court.

We affirm the judgment of the trial court.

The sole question presented by the appeal, as stated by appellant in his point of error, is the ruling of the trial court in granting appellee's motion for summary judgment on the grounds that appellant was not in the course of his employment at the time of the accident.

Section 1 of Article 8309, Vernon's Ann.Tex.Civ.Stat., provides that the term "injury sustained in the course of employment" shall include "all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere." The requirements of this statute are not satisfied by proof that injury occurred while the claimant was engaged in or about the furtherance of his employer's affairs or business. He must also show that the injury was of a kind and character that had to do with and originated in the employer's work, trade, business or profession. See Smith v. Texas Employers' Ins. Ass'n, 129 Tex. 573, 105 S.W.2d 192; Texas Indemnity Ins. Co. v. Clark, 125 Tex. 96, 81 S.W.2d 67; Aetna Life Ins. Co. v. Burnett, Tex.Com.App., 283 S.W. 783.

Tex.Rev.Civ.Stat.Ann. art. 8309, Sec. 1b, is as follows:

Sec. 1b. Unless transportation is furnished as a part of the contract of employment or is paid for by the employer, or unless the means of such *transportation are under the control of* the employer, or unless the employee is directed in his employment to proceed from one place to another place, such transportation shall not be the basis for a claim that an injury occurring during the course of such transportation is sustained in the course of employment. Travel by an employee in the furtherance of the affairs or business of his employer shall not be the basis for a claim that an injury occurring during the course of such travel is sustained in the course of employment, if said travel is also in furtherance of personal or private affairs of the employee, unless the trip to the place of occurrence of said injury would have been made even had there been no personal or private affairs of the employee to be furthered by said trip, and unless said trip would not have been made had there been no affairs or business of the employer to be furthered by said trip. Added Acts 1957, 55th Leg., p. 1186, ch. 397, § 3."

It has long been the law under the Texas Workmen's Compensation Act that an injury to an employee incurred while using the public streets and highways in going to or returning from his place of employment is not compensable because not incurred in the course of employment. The rationale of this rule is that in most instances such an injury is suffered as a consequence of risks and hazards to which all members of the traveling public are subject rather than risks and hazards having to do with and originating in the work or business of the employer. Texas General Indemnity Company v. Bottom, 365 S.W.2d 350, (Tex.Sup. 1963).

Mr. Carrington, appellant's employer, builds and sells new homes. Appellant was employed by Carrington as a service supervisor to make periodic inspections of his homes and to handle calls and complaints with respect to these homes. As a salaried employee, he furnished his own transportation and worked irregular hours partly at home, partly at Carrington's office, and partly at the various Carrington subdivisions. At the Carrington office, appellant had a special "slot" for messages, instructions and work orders. He attended conferences at this office and received his salary check there. Consequently, his regular work routine includes almost daily trips to the office.

On the morning of the accident, appellant had completed some paper work at home during which time he had received two telephone calls from one of Carrington's home building additions and was driving from his home to Carrington's office following his customary route. It was during this trip to the office that he was involved in the collision in which he was injured.

Appellant contends that he was on twenty-four hour call, seven days a week and that his home was more of an office for his employer's purposes than was Carrington's actual office. That on the morning before the collision he had already furthered his employer's interest by receiving two service calls at his home and doing paper work. That in going to Carrington's office to see if there were any messages, he had actually deviated from an intended trip to Carrington's University Hills subdivision at which place he had work to do. In support of this contention we are cited to Jecker v. Western Alliance Insurance Company, 369 S.W.2d 776, (Tex.Sup.1963), and Janak v. Texas Employers' Insurance Association, 381 S.W.2d 176, (Tex.Sup.1964).

With respect to the exceptions set out above in Art. 8309, Sec. 1b, to the general rule concerning noncompensability of travel injuries, Carrington did not furnish appellant's transportation nor did he pay for it. He did not control it nor did he direct appellant in his employment to proceed from one place to another place. Whisenant v. Fidelity and Casualty Company of New York, 354 S.W.2d 683, (Tex.Civ.App. Dallas, 1962, writ ref'd n. r. e.).

*Jecker* and *Janak*, relied on by appellant and cited above deal with the concept of a "special mission" wherein the employee is directed in his employment to proceed from one place to another and the plaintiffs involved therein were on such a special mission for their employers at the time of the accidents.

These cases are not in point here. In both cases the injuries did not occur in the regular coming and going travel enroute to work. Both occurred while the employees were in fact in the furtherance of the employer's business.

Appellant testified that he was on the shortest, customary route from his home to his employer's office. He had not deviated from it to perform any employer duty and while his trips to the office were somewhat irregular, it is difficult to see how they were different from the trips to the office that employees in general make. He did part of his work there. He received messages and instructions from Carrington there. He attended conferences there and received his pay there. Agricultural Insurance Company v. Dryden, 398 S.W.2d 745 (Tex.Sup.1965).

■ As stated above, appellant contends that in traveling from his home he was actually proceeding from his office home on the way to work in a subdivision with a deviation by the office. He further contends that at the time of the accident he was carrying his clip board and two full note books with him in his car. In either event, should part of the trip be designated as a "special mission" the fact remains that in proceeding from his home to his office he was also on his way to work in the furtherance of his personal affairs and could not recover as a matter of law under the second part of Art. 8309, Sec 1b.

It would appear as a matter of law that the travel was also in furtherance of personal or private affairs of appellant and would have been made had there been no affairs or business of the employer to be furthered by the trip. See concurring opinion in Agricultural Insurance Co. v. Dryden, supra.

The judgment of the trial court is affirmed.

Affirmed.

## DISSENTING OPINION

HUGHES, Justice.

Mr. Carrington built homes. Appellant was his employee whose duty it was to inspect these homes and to handle calls and complaints with reference to them.

On the morning of the accident, appellant left his home on the way to University Hills, a residential subdivision in Austin, for the purpose of making service calls in

that area. He deviated from the direct route to University Hills from his home by going by Mr. Carrington's office to ascertain if other calls for service in University Hills had been received, this in order that they could all be attended to while he was in that area.

Appellant was not employed to work in the office. His work was in the field. He went from place to place. Of course, it was necessary, from time to time, for him to go by the office to give or receive information, but these trips to the office were periodic and incidental to his job.

Under these circumstances, I am of the opinion that appellant was in the course of his employment from the time he left his office-home enroute to a job in University Hills and that his deviation to the office was in furtherance of his employer's business and in accordance with implied instructions from his employer to make all inspections needed in an area on the same trip.[1]

Appellant had no personal business to attend to at the office. There is no evidence that he would have gone by the office except to see if other inspections were needed in University Hills where he was going.

I believe the opinion in Jecker v. Western Alliance Insurance Company, 369 S.W. 2d 776, Tex.Sup.Ct., supports, in principle, my conclusions. I quote from that opinion:

"The general rule is, * * * that injuries incurred by a workman while traveling on public streets and highways are not incurred in the course of employment. But there are exceptions to that rule. One of the exceptions is when injury occurs while the workman is traveling on the public streets or highways pursuant to express or implied requirements of his employment contract. * * * The rationale of it is that since the workman's employment requires him to subject himself to the risks and hazards of streets and highways, his injuries grow out of his employment.

\* \* \* \* \* \*

But the Legislature surely did not intend to provide that an employee whose employment requires him to travel at his own expense in his own automobile on streets and highways, either constantly or intermittently, should be denied compensation if accidently injured while thus exposed to risks growing out of his employment. Any such holding would be wholly unjust to salesmen, servicemen, repairmen, deliverymen, and a host of others who may be required to use their own automobiles in their work, and would be a strict rather than a liberal interpretation of the Workmen's Compensation Act.

It is to be noted that one of the exceptions to the provision in Sec. 1b that 'transportation shall not be the basis for a claim that an injury occurring during the course of such transportation is sustained in the course of employment' is when 'the employee is directed in his employment to proceed from one place to another.' We construe this exception to include those situations in which the employee proceeds from one place to another under the

1. Appellant testified:
"A  Oh, I'd got two phone calls from the addition out in South Austin, Fairview, and I did a little typing, I got my books all squared away. See, this was a Friday; we had a meeting at 1:00 o'clock on Friday the sub meeting. And I got all my stuff in order for the meeting. And when I left there I needed to go to University Hills, and I thought I'd run by the office and check what may be over there in case there was something in University Hills and I'd catch it all at one time. So I made the office— that is, I started to the office and thence to University Hills, and that would have carried me up until dinner time and then the sub meeting.
Q  So your purpose for going by the office was to check your little slot and see if you had any phone calls or anything for University Hills?
A  Yes, sir."

terms of an employment which expressly or impliedly required that he do so to discharge the duties of his employment."

I would reverse and remand this cause for trial.

I respectfully dissent.