**F. J. P. MEYER, Petitioner,**

**v.**

**WESTERN FIRE INSURANCE COM-
PANY, Respondent.**

**No. B–519.**

Supreme Court of Texas.

March 13, 1968.

John S. Wade, Austin, for petitioner.

Brown, Sparks, Erwin, Maroney & Bar-
ber, Will Barber and Michael T. Johnson,
Austin, for respondent.

GREENHILL, Justice.

This is a workmen's compensation case
involving the statute dealing with the use of
automobiles by employees. The plaintiff
was injured in an automobile accident in
Austin, Texas, and sought compensation.
The question is whether the plaintiff was,
under the statute, within the scope of his
employment when he was injured. Reduced
to its simplest terms, the problem is whether
he was already working, or was simply on
his way to work, at the time of the accident.
The trial court entered a summary judgment
for the defendant insurance company, hold-
ing that as a matter of law the plaintiff was
not within the scope of his employment;
i.e., he had not begun to work for his em-
ployer within the terms of the statute.
The Court of Civil Appeals, by a divided
court, affirmed. 418 S.W.2d 318. The
plaintiff is here contending that there is
an issue of fact as to whether he was act-
ing in the scope of his employment.

The only proof presented on the motion
for summary judgment was the deposition

of plaintiff Meyer. He testified that he was employed as a service supervisor by a home builder. He worked irregular hours, partly at home, partly at his employer's office, and partly in making service calls and inspections of the various homes built by his employer. He made simple repairs himself, but his usual job was to send out repairmen to correct problems after he had received complaints or made inspections. He was given discretion, except upon emergency calls from his employer's office, to determine when and where to make service calls for his employer. He was supposed to exercise his own judgment in these matters. He furnished his own transportation, and his means of transportation was not paid for or controlled by his employer. His duties did not require him to report to the office daily or at any particular time. Although he "liked to get by" the office once a day to pick up messages, he did not always do so. He did not have a desk at his employer's office, and he usually received complaints and did his required paper work at his home.

On the day of the automobile accident and resulting injury, Meyer began the working day at home by taking two business telephone calls from Fairview Addition homeowners and completing some paper work in preparation for a meeting at the office that afternoon. He testified in his deposition that he then left his home to make service calls in a subdivision in Northeast Austin. Although he was not required to report to his employer's office that morning and had no duties to perform there, he decided to drive by the office on his way to the subdivision to determine whether there were any messages relating to service calls in Northeast Austin, so that he could perform all his work in that area at one time. The automobile collision occurred before he reached his employer's office, and on the usual and customary route between Meyer's home and the office.

Article 8309 § 1b of our workmen's compensation statute,[1] quoted below, precludes recovery of compensation for injuries received in the course of transportation or travel, unless the conditions of that statute are met:

"Unless transportation is furnished as a part of the contract of employment or is paid for by the employer, or unless the means of such transportation are under the control of the employer, or unless the employee is directed in his employment to proceed from one place to another, such transportation shall not be the basis for a claim that an injury occurring during the course of such transportation is sustained in the course of employment. Travel by an employee in the furtherance of the affairs or business of his employer shall not be the basis for a claim that an injury occurring during the course of such travel is sustained in the course of employment, if said travel is also in furtherance of personal or private affairs of the employee, unless the trip to the place of occurrence of said injury would have been made even had there been no personal or private affairs of the employee to be furthered by said trip, and unless said trip would not have been made had there been no affairs or business of the employer to be furthered by said trip."

■ Although the general rule is that injuries sustained by a worker while traveling on the public streets or highways are not incurred in the course of employment, an exception to this general rule is when an injury occurs when the worker is traveling on the public streets or highways pursuant to express or implied conditions of his employment contract. Jecker v. Western Alliance Insurance Co., 369 S.W.2d 776 (Tex.Sup.1963); Smith v. Texas Employ-

1. Vernon's Texas Annotated Civil Statutes.

ers' Insurance Association, 129 Tex. 573, 105 S.W.2d 192 (1937).

In the *Jecker* case, cited above, we held that the adoption of Section 1b of Article 8309 did not abolish this exception to the general rule. It was there stated:

"But the Legislature surely did not intend to provide that an employee whose employment requires him to travel at his own expense in his own automobile on streets and highways, either constantly or intermittently, should be denied compensation if accidently injured while thus exposed to risks growing out of his employment. Any such holding would be wholly unjust to salesmen, servicemen, repairmen, deliverymen, and a host of others who may be required to use their own automobiles in their work, and would be a strict rather than a liberal interpretation of the Workmen's Compensation Act."

Since Meyer's transportation was not furnished, paid for, or controlled by his employer, he can recover under Article 8309 § 1b only if he was "directed in his employment to proceed from one place to another place" within the meaning of that section. In *Jecker* we construed this provision to "include those situations in which the employee proceeds from one place to another under the terms of an employment which expressly or impliedly requires that he do so to discharge the duties of his employment." That case also established the following rule for injuries incurred by a worker during travel when his transportation was not furnished or controlled by the employer:

"There is evidence that he was in the course of employment if there is evidence that (1) he was traveling on the highway pursuant to express or implied provisions of his employment contract that he do so in the performance of his duties and (2) that he would have made

the trip had there been no personal or private affairs to be furthered and not have made it had there been no business of his employer to be furthered." 369 S.W.2d at 779.

█ The application of these principles expressed in the *Jecker* case convinces us that the summary judgment entered for the insurance company was erroneous. Plaintiff Meyer's duties as a service supervisor required him to travel from place to place in order to discharge the duties of his employment. Thus there is evidence that he was impliedly directed to travel to make his service calls on the morning of the accident, and injuries thus sustained while furthering his employer's business by making such service calls would be compensable under Article 8309 § 1b and the *Jecker* case.

The deposition supports the contention that Meyer was not on his way to *begin* work, or to be assigned work; but that he had already begun work and was traveling on the streets to make service calls pursuant to his usual duties, and merely deviated to his employer's office to see if there were other duties to be performed in the neighborhood of his planned service calls. Assuming that the evidence upon trial on the merits were to establish that Meyer was not reporting to work or to be assigned work at his employer's office, his deviation to his employer's office while in the course of his usual service calls would not place him within the category of workers driving from home to work, as in Agricultural Insurance Co. v. Dryden, 398 S.W.2d 745 (Tex.Sup. 1965); Hackfeld v. Pacific Employers Insurance Co., 393 S.W.2d 720 (Tex.Civ.App. 1965, writ ref'd n.r.e.); and Maryland Casualty Co. v. Thomas, 367 S.W.2d 407 (Tex.Civ.App.1963, writ refused). Thus, it is not conclusively established that Meyer is barred from recovery by the "coming and going" rule which provides that injuries occurring on the public streets in going to and coming from work are noncompensable.

Furthermore, assuming Meyer's deposition testimony is established as fact, he is not barred from recovery under the "dual purpose" test contained in the second part of Section 1b, which reads:

"Travel by an employee in the furtherance of the affairs or business of his employer shall not be the basis for a claim that an injury occurring during the course of such travel is sustained in the course of employment, if said travel is also in furtherance of the personal or private affairs of the employee, unless the trip to the place of occurrence of said injury would have been made even had there been no personal or private affairs of the employee to be furthered by said trip, and unless said trip would not have been made had there been no affairs or business of the employer to be furthered by said trip."

If Meyer merely deviated to his employer's office to determine whether there were any additional duties he could perform in the neighborhood of his planned service calls, the deviation would not be for personal reasons; the deviation would be in furtherance of the employer's business and impliedly directed by the employer as the most efficient manner of performing Meyer's duties as service supervisor. See Janak v. Texas Employers' Insurance Ass'n, 381 S.W.2d 176 (Tex.Sup.1964).

Under these circumstances, the deposition of plaintiff Meyer created a fact issue as to whether he was injured in the course of employment, and therefore the summary judgment was erroneous. Respondent's contention that the error was not preserved by Meyer's motion for rehearing in the Court of Civil Appeals is overruled.

The judgments of the courts below are reversed and the cause is remanded to the district court for a trial on the merits.