NUMBER 13-12-00712-CV

 COURT OF APPEALS

 THIRTEENTH DISTRICT OF TEXAS

 CORPUS CHRISTI – EDINBURG

ARNOLD PEÑA, GUARDIAN OF
JUAN CARLOS PEÑA, Appellant,

 v.

STATE OFFICE OF RISK
MANAGEMENT Appellee.

 On appeal from the 206th District Court
 of Hidalgo County, Texas.

 MEMORANDUM OPINION
 Before Chief Justice Valdez and Justices Rodriguez and Garza
 Memorandum Opinion by Chief Justice Valdez
 In this case challenging the denial of worker’s compensation benefits, appellant,

Arnold Peña, father and guardian of Juan Carlos Peña (“J.C.”), appeals from the trial

court’s summary judgment in favor of appellee, State Office of Risk Management
(“SORM”). By two issues, appellant contends that the trial court erred in granting SORM’s

motion for no evidence summary judgment because a fact issue remains on each of the

following issues: (1) whether the evidence showed that J.C. was in the course and scope

of employment because he was traveling for purposes of business, following directives

from his supervisor; therefore, the “‘Coming and Going’ exclusion does not apply in this

case”; and (2) even if it is determined that J.C. crashed during his lunch break, whether

the evidence showed that he was acting within the course and scope of employment

because under the “dual purpose” test, he would not have been traveling to Edinburg if

his employer had not required he attend the training. By his third issue, appellant argues

that if we find that J.C. was “within the course and scope of employment, [we would have

to also find] disability as a matter of law, since the findings that [J.C.] was unable to earn

pre-injury wages became final and were not appealed by [SORM].” We reverse and

remand.

 I. BACKGROUND

 J.C. was a SORM employee and his office was located in McAllen, Texas. On

February 2, 2010, the McAllen SORM employees attended a seminar in Edinburg, Texas.

When J.C. left the office, he was involved in a single-vehicle accident on Ware Road in

McAllen. A police report stated that J.C. was headed north bound when the accident

occurred. J.C. was seriously injured and is no longer able to speak. Appellant has been

designated as J.C.’s guardian.

 Appellant, filed a petition seeking the review of a decision of the Appeal Panel of

the Texas Department of Insurance Division of Worker’s Compensation. Appellant

sought judicial review of the following issues: (1) whether J.C. “was in the course and

scope of his employment when involved in” the motor vehicle accident; and (2) if J.C. had

 2
“disability resulting from an injury sustained on February 2, 2011, From February 3, 2010

through the present.” Appellant did not appeal the panel’s finding that J.C.’s “injury

resulted in the inability to obtain and retain wages at the pre-injury level.” Appellant

requested for the trial court to set aside the panel’s final decision as to its finding that

when the accident occurred, J.C. was not acting within the course and scope of his

employment and that J.C. did not have a disability.

 SORM filed a motion for no-evidence summary judgment alleging that appellant

had no evidence that J.C. sustained an injury during the course and scope of his

employment on February 2, 2010 and that J.C. sustained disability as a result of a

compensable injury. Specifically, SORM argued that none of the carved out exceptions

to the “coming and going” rule applied to this case.1 Appellant filed a response to SORM’s

motion for no-evidence summary judgment attaching, among other things, deposition

testimony, affidavits, and a police report taken by an officer who investigated J.C.’s

accident.2 Specifically, appellant argued that the attached evidence supported two

exceptions to the coming and going rule.3 Thus, the evidence showed that when the

accident occurred, J.C. was traveling within the course and scope of his employment.

Appellant claimed that the panel’s decision that J.C. had an “inability to earn pre-injury

wages” had not been appealed by SORM, and “thus became final as a matter of law.”

 1 Section 401.011(12)(A) of the Texas Labor Code is referred to as “the coming and going rule.”
See Zurich Am. Ins. Co. v. McVey, 339 S.W.3d 724, 728 (Tex. App.—Austin 2011, pet. denied) (“Paragraph
(A)—what has come to be known as the “coming and going” rule—codifies what originated as early judicial
attempts to delineate circumstances when employee travel to and from work would come within the Act’s
‘course and scope’ definition.”). Section 401.011(12)(A) provides that coming and going to work is not
considered within the course and scope of employment for purposes of worker’s compensation unless an
exception applies. See TEX. LAB. CODE ANN. § 401.011(12)(A).
 2 Appellant also filed a supplemental response to SORM’s motion for no-evidence summary
judgment.
 3 Appellant claimed that either the special mission and/or the paid travel exception or the dual
purpose doctrine applied. We discuss both exceptions in more detail below.

 3
Therefore, appellant argued that because the evidence established that J.C. was acting

within the course and scope of his employment at the time of the injury,” J.C.’s injury was

compensable.

 The trial court granted SORM’s motion for no evidence summary judgment. This

appeal ensued.

 II. STANDARD OF REVIEW: NO EVIDENCE SUMMARY JUDGMENT

 A party may move for summary judgment on the ground that no evidence exists of

one or more essential elements of a claim on which the adverse party bears the burden

of proof at trial. TEX. R. CIV. P. 166a(i); Timpte Indus., Inc. v. Gish, 286 S.W.3d 306, 310

(Tex. 2009). Once the motion is filed, the burden shifts to the nonmovant to produce

evidence raising a genuine issue of material fact on the elements specified in the motion.

TEX. R. CIV. P. 166a(i); Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex. 2006). If

the respondent brings forth more than a scintilla of probative evidence to raise a genuine

issue of material fact, summary judgment is improper. King Ranch, Inc. v. Chapman, 118

S.W.3d 742, 751 (Tex. 2003). More than a scintilla of evidence exists when the evidence

“rises to a level that would enable reasonable and fair-minded people to differ in their

conclusions,” while less than a scintilla exists when the evidence is “so weak as to do no

more than create mere surmise or suspicion.” Id.; Reynosa v. Huff, 21 S.W.3d 510, 512

(Tex. App.—San Antonio 2000, no pet.). “When reviewing a no-evidence summary

judgment, we ‘review the evidence presented by the motion and response in the light

most favorable to the party against whom the summary judgment was rendered, crediting

evidence favorable to that party if reasonable jurors could, and disregarding contrary

evidence unless reasonable jurors could not.’” Timpte Inds., Inc., 286 S.W.3d at 310.

 4
 III. COURSE AND SCOPE OF EMPLOYMENT

 By his first and second issues, appellant contends that he produced evidence that

J.C. was traveling within the course and scope of his employment pursuant to the special

mission, paid travel, and dual purpose exceptions to the coming and going rule. SORM

argues that there is no evidence that J.C. was acting within the course and scope of his

employment, thus, summary judgment was appropriate. The only issue before us is

whether the evidence raised a genuine issue of material fact that J.C. was acting within

the course and scope of his employment when the accident occurred.

A. Applicable Law

 The Texas Workers’ Compensation Act provides that the recovery of workers’

compensation benefits is the exclusive remedy for an employee covered by workers’

compensation insurance for a work-related injury. Thomas v. Am. Home Assurance Co.,

403 S.W.3d 512, 517–18 (Tex. App.—Dallas 2013, no pet.) J.C.’s injury is compensable

under worker’s compensation only if it occurred while in the course and scope of his

employment. See Aguirre v. Vasquez, 225 S.W.3d 744, 751 (Tex. App.—Houston [14th

Dist. 2007, no pet.). “Course and scope of employment” means

 an activity of any kind or character that has to do with and originates in the
 work, business, trade, or profession of the employer and that is performed
 by an employee while engaged in or about the furtherance of the affairs or
 business of the employer. The term includes an activity conducted on the
 premises of the employer or at other locations.

TEX. LAB. CODE ANN. § 401.011(12) (West, Westlaw through 2013 3d C.S.). The phrase

course and scope of employment does not include transportation to and from the place

of employment unless

 (i) the transportation is furnished as a part of the contract of employment or
 is paid for by the employer [paid travel]; (ii) the means of the transportation
 are under the control of the employer; or (iii) the employee is directed in the

 5
 employee’s employment to proceed from one place to another place [(the
 “special mission exception”)].

Id. § 401.011(12)(A)(i), (ii), (iii); see Meyer v. W. Fire Ins. Co., 425 S.W.2d 628, 629 (Tex.

1968) (explaining that although injuries sustained by a worker while traveling on the public

streets or highways are usually not incurred in the course and scope of employment, but

an exception applies if the worker is traveling pursuant to express or implied conditions

of his employment contract); Admiral Ins. Co. v. Palmer, 649 S.W.2d 643, 645 (Tex.

App.—Corpus Christi 1983, writ ref’d n.r.e.).

B. Definition of Course and Scope

 As a preliminary matter, SORM argues that appellant failed to argue in his

response to SORM’s motion for no evidence summary judgment to the trial court that J.C.

was within the course and scope of his employment because he “neglected to include”

the statutory definition of course and scope of employment which includes “an activity of

any kind or character that has to do with and originates in the work, business, trade, or

profession of the employer and that is performed by an employee while engaged in or

about the furtherance of the affairs or business of the employer.” SORM states that “[b]y

failing to direct the district court’s attention to facts and summary judgment evidence on

the issue of 1) whether the activities being performed by [J.C.] at 12:06 p.m. originated in

the work, business or trade of the employer and 2) whether the activities being performed

by [J.C.] at 12:06 p.m. furthered the affairs of the employer, Appellant raised no fact

question on those issues, and preserved no error for appeal.”

 We disagree with SORM that appellant failed to address the above two elements.

In his supplemental response to SORM’s no-evidence motion for summary judgment,

appellant stated that whether the special mission exception applied was “probative

of . . . whether the employee’s travel originates in the employer’s business.” As to the
 6
first prong, appellant stated that SORM directed J.C. to attend the seminar in Edinburg

and attached evidence that SORM had directed J.C. to attend the seminar. As to the

second prong, evidence was presented that SORM employees were required to attend

the seminar as part of their employment. Thus, we conclude that appellant’s response to

SORM’s motion for no evidence summary judgment addressed the definition of “course

and scope of employment.”

C. Special Mission Exception and/or Paid Travel

 By his first issue, appellant argues that the facts of this case fall squarely within

the statutory language of the Texas Labor Code for travel within the course and scope of

employment. See TEX. LAB. CODE ANN. § 401.011(12) (setting out when travel is within

the course and scope of employment). Appellant asserts that courts have recognized

“three chief types or circumstances in which employee travel to and from work could

potentially come within the course and scope of employment (and would be, in effect,

exceptions to the exclusion for ‘coming and going’ travel)—the three categories of

employee travel ultimately codified by section 401.011(12) of the labor code.”

 Appellant argues that J.C.’s injury occurred while he was traveling within the

course and scope of his employment under the special mission exception to the coming

and going rule because he was traveling to a mandatory seminar that “formed [the basis]

of his employment with the Department” even if he had been going home before attending

the meeting. Therefore, according to appellant, the summary judgment evidence shows

that J.C.’s travel was done for the benefit of the employer. Appellant states that whether

the accident occurred during J.C.’s lunch break is of no consequence because “having

lunch in Edinburg . . . was a necessity brought on by ordered travel,” and the travel was

employer imposed. Finally, appellant argues that J.C.’s travel would have been

 7
reimbursed by the Department, and therefore his claim falls under the paid travel

exception. See id. (providing that the term “course and scope of employment” does not

include transportation to and from the place of employment unless the transportation is

paid for by the employer) (emphasis added).

 We agree with appellant that he produced evidence raising a genuine issue of

material fact. See TEX. R. CIV. P. 166a(i); Mack Trucks, Inc., 206 S.W.3d at 582.

Appellant attached the deposition testimony of several of J.C.’s co-workers, who testified

that the employees who had attended the seminar in Edinburg could have applied for

reimbursement of their mileage. Specifically, when asked if the employees who attended

the seminar were entitled to travel reimbursement, Dalia Salinas, a supervisor with

SORM, replied, “Yes.” Salinas clarified, however, that travel reimbursement is not

mandatory and many of the employees do not ask for it. Later, when asked what the

employees are entitled to receive when they request reimbursement, Salinas responded,

“Just the mileage . . . [of] the shortest distance.” Next, Norma Longoria, an assistant to

the supervisor with SORM at the time of the accident, testified that the employees “are

allowed reimbursement.”4 Finally, when Luz Maria Esparza Hinojosa, a temporary

supervisor on the day of the accident, was asked, “Is the mileage from McAllen to

Edinburg paid by the State,” she replied, “What happens is that if we—yeah. I mean, we

can claim the mileage, depending on how much. It has to be a certain amount. You kind

of add it up until it adds up to like about $50, or 50—once it’s over $50 then we do claim

it.”

 4Longoria was responding to the question, “Do you know whether or not you were allowed
reimbursement for the mileage [for the trip to Edinburg on the day of the accident]? Do they give you gas
money for the trip?”

 8
 SORM argues that J.C. would only be entitled to reimbursement if the entire trip

amounted to fifty dollars of more. We disagree that this is the only interpretation of the

evidence presented. Although Hinojosa stated that the employees would not receive the

reimbursement until it totaled fifty dollars, when asked if the employees traveling from

McAllen to Edinburg would be entitled to mileage, she responded, “Yeah.” Moreover,

Longoria and Salinas also testified that any of the employees who attended the seminar

in Edinburg would have been able to claim reimbursement. In addition, the employees

testified that J.C. was required to attend this seminar as part of his duties of employment.

Thus, viewing the evidence in the light most favorable to appellant, as we must, and

crediting favorable evidence if reasonable jurors could, we conclude that there is more

than a mere scintilla of evidence that J.C. was operating within the course and scope of

his employment. See Timpte Inds., Inc., 286 S.W.3d at 310. We sustain appellant’s first

issue.

D. Dual Purpose Exception

 By his second issue, appellant argues that although the accident occurred during

J.C.’s lunch break, under the dual purpose exception to the “coming and going rule,” it is

possible for an employee to be acting within the course and scope of employment during

business travel even if there is a personal component to the trip. Appellant cites section

401.001(12)(B) of the labor code. See TEX. LAB. CODE ANN. § 401.001(12)(B)(i), (ii). It

states that the term “course and scope of employment” does not include:

 (B) travel by the employee in the furtherance of the affairs or business
 of the employer if the travel is also in furtherance of personal or
 private affairs of the employee unless:

 (i) the travel to the place of occurrence of the injury would
 have been made even had there been no personal or
 private affairs of the employee to be furthered by the
 travel; and
 9
 (ii) the travel would not have been made had there been
 no affairs or business of the employer to be furthered
 by the travel.

See id.

 Citing the Texas Supreme Court case, Leordeanu v. American Protection

Insurance Co., appellant argues that the dual purpose rule “was intended to cover

situations where the employee was not headed home but to ‘another destination, both on

business and pleasure.’” 272 S.W.3d 239, 240 (Tex. 2010). According to appellant, the

proper inquiry under the dual purpose rule is “[w]hether the claimant’s travel to the place

of injury would have been made without personal reasons, and the travel would not have

been made without a business reason.” See id. at 245–47.

 Appellant argues that the first part of the dual purpose test is satisfied because

J.C. was traveling from one job site to another job site and had already passed the turn

off to his home, and “eliminating the need for lunch, [J.C.] was still required to make the

trip to Edinburg.” Next appellant argues that the second part of the dual purpose test is

satisfied because “there was no personal advantage to be gained by [J.C.] in traveling to

Edinburg.”

 We agree with appellant that a question of fact remains regarding the dual purpose

doctrine. SORM argues that it is unknown where J.C. was traveling to when the accident

occurred. In other words, it is unknown whether J.C. was going to the seminar in Edinburg

or was going somewhere else. However, evidence was presented that the road J.C. was

on when the accident occurred led to Edinburg and that he had been instructed by SORM

to go to Edinburg for the required seminar.5 Specifically, Salinas testified that “there was

 5 Longoria stated that she took Ware Road when she traveled to Edinburg. The police report

documenting J.C.’s accident documented that he was traveling north bound. And, Edinburg is north of
McAllen. Thus, because this evidence supports a finding that J.C. was en route to Edinburg from McAllen,
 10
[an] email [sent to SORM employees] with a schedule for who was going [to the seminar

in Edinburg] in the morning and who was going in the afternoon.” Anna Pena, J.C.’s aunt,

and case worker for SORM, stated that Hinojosa had informed her that on the date of

J.C.’s accident, Pena and her co-workers “[had] training in Edinburg.” Pena explained

that she had received an email with the details of when she had to attend the seminar in

Edinburg and the location. Appellant attached an email dated February 1, 2010 sent at

5:23 pm to his summary judgment response. It states, “To all, THSteps Training tomorrow

@1:30pm has been change[d] from Regional to Edinburg HHSC Office @ 2520 Nth

Closner.”

 In addition, testimony revealed that some of the employees had decided to go to

Edinburg to eat lunch at a restaurant and then attend the seminar.6 Moreover, evidence

was presented that J.C. rarely left his office for lunch and that he would have traveled

another more direct route to go to his home. See St. Paul Fire & Marine Ins. Co. v. Confer,

956 S.W.2d 825, 830 (Tex. App.—San Antonio 1997, pet. denied) (“[T]he evidence

supports a finding that Dr. Confer would not have been on Interstate 35 at 4:20 p.m. if he

had not been going to Altex. The fact that Altex happens to be along the same route as

his route home should be of little consequence.”). Thus, the evidence supports an

inference that J.C. was on his way to eat lunch before attending the seminar in Edinburg

that he was required by SORM to attend.

we conclude that this evidence raises an issue of material fact regarding where J.C. was heading when the
accident occurred. See King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003).
 6 Under the dual purpose doctrine, “[a]n employee in the course of his employment may perform
acts of a personal nature that the person might reasonably do for his health, comfort, such as quenching
thirst or relieving hunger.” Yeldell v. Holiday Hills Ret. & Nursing Ctr., 701 S.W.2d. 243, 245 (Tex. 1985).
“[S]uch acts are considered incidental to the employee’s service and the injuries sustained while doing so
arise in the course and scope of his employment and thus compensable.” Id.

 11
 We conclude that more than a scintilla of evidence exists that J.C.’s travel had a

dual purpose. Accordingly, viewing the evidence in the light most favorable to appellant

and crediting favorable evidence that a rational jury could have relied upon, we conclude

that there is a question of fact regarding whether the dual purpose doctrine applies. See

id. at 829 (“This determination [whether the two prongs of the dual purpose test applied]

was a fact question for the jury.”). We sustain appellant’s second issue.

 IV. DISABILITY AS A MATTER OF LAW

 In its motion for summary judgment, SORM argued that there is no disability

because there was no evidence that J.C. was acting within the course and scope of his

employment. In response, appellant argued, in relevant part, that J.C.’s injury was

compensable because J.C. was acting within the course and scope of his employment,

and as previously discussed, appellant presented evidence raising a fact issue regarding

whether J.C. was acting within the course and scope of his employment.7 Therefore, the

trial court could not have properly granted summary judgment on the basis that J.C. did

not suffer a disability.

 Appellant also argues that we should conclude that as a matter of law, J.C. suffered

a disability because “the findings [of the panel] that [J.C.] was unable to earn pre-injury

wages became final and were not appealed by [SORM]” and the evidence proved that

J.C. was acting within the course and scope of his employment. However, we have not

concluded that the evidence proved that J.C. was traveling within the course and scope

of his employment. We have merely found that appellant brought forth more than a

 7 A disability determination requires a finding that J.C. was within the course and scope of his
employment. See TEX. LAB. CODE ANN. § 401.011(10) (“‘Compensable injury’ means an injury that arises
out of and in the course and scope of employment for which compensation is payable under this subtitle.”),
(16) (“‘Disability’ means the inability because of a compensable injury to obtain and retain employment at
wages equivalent to the preinjury wage.”) (West, Westlaw through 2013 3d C.S.).

 12
scintilla of probative evidence raising a genuine issue of material fact, which made

summary judgment improper. King Ranch, Inc., 118 S.W.3d at 751. Accordingly, we

overrule appellant’s third issue to the extent that he argues that the evidence established

as a matter of law that he suffered a disability.

 V. CONCLUSION

 We reverse the trial court’s summary judgment and remand for proceedings

consistent with this opinion.8

 /s/ Rogelio Valdez
 Rogelio Valdez
 Chief Justice
Delivered and filed the
11th day of September, 2014.

 SORM argues that appellant’s affidavit is not competent summary judgment evidence. However,
 8

we have not relied on it for purposes of our analysis. Thus, we need not determine whether the affidavit is
competent evidence. See TEX. R. APP. P. 47.1.

 13